**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Josh Michael BLOCKER, Defendant,**

**and**

**Lavell Rondell Johnson, Defendant-Appellant.**

**No. 85–1333.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 14, 1986.

Decided Oct. 14, 1986.

Robert Dondoro, Mark Zanides, Asst. U.S. Attys., San Francisco, Cal., for plaintiff-appellee.

Donald Thomas Bergerson, San Francisco, Cal., for defendant-appellant.

Before FARRIS, HALL and BRUNETTI, Circuit Judges.

FARRIS, Circuit Judge:

By indictment handed down May 2, 1985, Lavell R. Johnson was charged with armed bank robbery (18 U.S.C. § 2113(a) and (d)) and possession of a firearm during the commission of a crime of violence (18 U.S.C. § 924(c)). He pleaded guilty on September 3, 1985. On October 17, 1985, Johnson was adjudged guilty and sentenced to 20 years imprisonment on the bank robbery charge and 5 years imprisonment on the weapons charge, the two sentences to run consecutively.

The district court had jurisdiction under 18 U.S.C. § 3231. Johnson filed a timely notice of appeal on October 21, 1985. This court has jurisdiction pursuant to 28 U.S.C. § 1291. Johnson contends that the imposition of cumulative punishments for violation of § 2113(d) and § 924(c) is constitutionally impermissible. We disagree. Congressional intent is unambiguous. The double jeopardy clause does not prohibit a district court from imposing cumulative sentences for armed bank robbery and possession of a firearm during the commission of a crime of violence.

I

There is no merit to the government's contention that Johnson's failure to complain of duplicitous sentencing before the district court precludes consideration of his double jeopardy claim on appeal. Johnson's failure to challenge the indictment as duplicitous in a pretrial motion under Fed.R.Crim.P. 12(b) does not waive his right to challenge the imposition of multiple sentences. *Launius v. United States*, 575 F.2d 770, 772 (9th Cir.1978). *See also United States v. Bradsby*, 628 F.2d 901, 905–06 (5th Cir.1980); *United States v. Rosenbarger*, 536 F.2d 715, 721–22 (6th Cir. 1976), *cert. denied*, 431 U.S. 965, 97 S.Ct. 2920, 53 L.Ed.2d 1060 (1977). Nor did Johnson waive his right to assert a double jeopardy claim by entering a guilty plea. *Launius*, 575 F.2d at 771. *See also United States v. Baugh*, 787 F.2d 1131, 1132 (7th Cir.1986) (guilty plea "does not ... waive a claim that an ... indictment, judged on its face, is constitutionally deficient in violation of the double jeopardy clause"); *United States v. Broce*, 781 F.2d 792, 797 (10th Cir.1986) (en banc) ("a defendant's plea of guilty to a constitutionally duplicitous charge is not a waiver of that

defendant's right to assert a double jeopardy claim"); *United States v. Broussard,* 645 F.2d 504, 505 (5th Cir.1981) (per curiam) ("entry of a guilty plea does not waive a challenge based on a violation of the double jeopardy clause"). *Cf. Menna v. New York,* 423 U.S. 61, 63 n. 2, 96 S.Ct. 241, 242 n. 2, 46 L.Ed.2d 195 (1975) (a guilty plea does not waive those claims that "stand in the way of conviction, [even] if factual guilt is validly established").

## II

█ In 1978, the Supreme Court held that "in a prosecution growing out of a single transaction of bank robbery with firearms, a defendant [could] not be sentenced under both § 2113(d) and § 924(c)," *Simpson v. United States,* 435 U.S. 6, 16, 98 S.Ct. 909, 914, 55 L.Ed.2d 70 (1978), "because the § 2113(d) charge merged with the firearms offense for purposes of sentencing." *Id.* at 9, 98 S.Ct. at 911. The Court reached this conclusion without addressing the defendant's contention that the imposition of cumulative penalties for the two crimes violated the constitutional prohibition against double jeopardy. It looked, instead, to the language and legislative history of § 924(c) and concluded that Congress had not "authorized the imposition of the additional penalty of § 924(c) for commission of bank robbery with firearms already subject to enhanced punishment under § 2113(d)." *Id.* at 12–13, 98 S.Ct. at 911. *See also Busic v. United States,* 446 U.S. 398, 404, 100 S.Ct. 1747, 1751, 64 L.Ed.2d 381 (1980) ("prosecution and enhanced sentencing under § 924(c) is ... not permissible where the predicate felony statute contains its own enhancement provision").

As part of the Comprehensive Crime Control Act of 1984, Pub.L. 98–473, 98 Stat. 1837 (1984), Congress amended § 924(c) "to ensure that all persons who commit Federal crimes of violence, including those crimes set forth in statutes which already provide for enhanced sentences for their commission with a dangerous weapon, receive a mandatory sentence, without the possibility of the sentence being made to run concurrently with that for the underlying offense." Report of Senate Committee on the Judiciary, S.Rep. No. 225, 98 Cong., 2d Sess. 313 (1983), *reprinted in* 1984 U.S. Code Cong. & Ad.News 3182, 3491 (footnote omitted). The full text of § 924(c), as amended, is set out in the margin.[1] We are called upon to decide whether, in light of the amendment, Johnson may properly be subjected to cumulative punishment for armed bank robbery (§ 2113(d)) and possession of a firearm during commission of a crime of violence (§ 924(c)).

Where, as here, cumulative sentences are imposed in a single trial, "the Double Jeopardy Clause does no more than prevent the sentencing court from prescribing greater punishment than the legislature intended." *Missouri v. Hunter,* 459 U.S. 359, 366, 103 S.Ct. 673, 678 74 L.Ed.2d 535 (1983). *See also Garrett v. United States,* 471 U.S. 773, 105 S.Ct. 2407, 2419, 85 L.Ed.2d 764 (1985). In other words, "the question of what punishments are constitutionally permissible is not different from the question of what punishments the Legislative Branch intended to be imposed." *Albernaz*

---

1. Whoever, during and in relation to any crime of violence, including a crime of violence which provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device, for which he may be prosecuted in a court of the United States, uses or carries a firearm, shall, in addition to the punishment provided for such crime of violence, be sentenced to imprisonment for five years. In the case of his second or subsequent conviction under this subsection, such person shall be sentenced to imprisonment for ten years. Notwithstanding any other provision of law, the court shall not place on probation or suspend the sentence of any person convicted of a violation of this subsection, nor shall the term of imprisonment imposed under this subsection run concurrently with any other term of imprisonment including that imposed for the crime of violence in which the firearm was used or carried. No person sentenced under this subsection shall be eligible for parole during the term of imprisonment imposed herein.

18 U.S.C. § 924(c) *as amended by* Comprehensive Crime Control Act of 1984, Pub.L. 98–473, Title II, § 1005(a), 98 Stat. 2138 (Oct. 12, 1984).

*v. United States*, 450 U.S. 333, 344, 101 S.Ct. 1137, 1145, 67 L.Ed.2d 275 (1981) (Stewart, J., concurring). Statutory analysis and constitutional scrutiny merge into a single inquiry.

Both the plain meaning of amended § 924(c) and the legislative history of the amendment indicate that Congress intended those convicted of violating both § 924(c) and § 2113(d) to receive cumulative sentences. Amended § 924(c) provides, in unambiguous language, that among those to receive a mandatory five-year sentence for possession of a firearm during commission of a crime of violence are those convicted of "a crime of violence which provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon." 18 U.S.C. § 924(c). This mandatory sentence is to be imposed "in addition to the punishment provided for such crime of violence." *Id.* Nothing in the language or legislative history of § 924(c) supports Johnson's contention that Congress intended that a mandatory sentence under § 924(c) be imposed in conjunction with a sentence for bank robbery under § 2113(a), but not in conjunction with a sentence for armed bank robbery under § 2113(d). In fact, the report prepared by the Senate Judiciary Committee in connection with the 1984 amendment of § 924(c) uses a cumulative sentence under § 924(c) and § 2113(d) to illustrate the intended operation of § 924(c):

> [T]he Committee intends that the mandatory sentence under the revised subsection 924(c) be served prior to the start of the sentence for the underlying or any other offense. For example, a person convicted of armed bank robbery in violation of section 2113(a) and (d) and of using a gun in its commission ... would have to serve five years ... less only good time credit for proper behavior in prison, before his sentence for the conviction under section 2113(a) and (d) could start to run.

Report of Senate Committee on the Judiciary, S.Rep. No. 225, 98 Cong., 2d Sess. 313–14 (1983), *reprinted in* 1984 U.S.Code Cong. & Ad.News 3182, 3492 (footnote omitted).[2]

We are satisfied that § 924(c), as amended, contemplates cumulative punishment of those convicted of armed bank robbery (§ 2113(d)) and possession of a firearm during commission of a crime of violence (§ 924(c)). *See United States v. Doffin*, 791 F.2d 118, 121 (8th Cir.1986) ("[a]uthorization for cumulative punishment under 18 U.S.C. §§ 2113(d) and 924(c) is clearly indicated in the firearms statute"). *See also United States v. Pisani*, 787 F.2d 71, 74 (2d Cir.1986). This being the case, our "task of statutory construction is at an end." *Hunter*, 459 U.S. at 369, 103 S.Ct. at 679. Under the test announced in *Blockburger v. United States*, 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932), the double jeopardy clause does not preclude imposition in a single trial of cumulative punishment under § 2113(d) and § 924(c). *United States v. Gonzalez*, 800 F.2d 895 (9th Cir.1986). *See also Hunter*, 459 U.S. at 368–69, 103 S.Ct. at 679 ("Where, as here, a legislature specifically authorizes cumulative punishment under two statutes, regardless of whether those two statutes proscribe the 'same' conduct under *Blockburger* ... the trial court ... may impose cumulative punishment ... in a single trial.").

AFFIRMED.

---

**2.** "[T]he authoritative source for legislative intent lies in the committee reports on the bill." *Thornburg v. Gingles*, —— U.S. ——, 106 S.Ct. 2752, 2763 n. 7, 92 L.Ed.2d 25 (1986) (citations omitted).