892 F.2d 84
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Robert James WALTON, Defendant-Appellant.
 No. 88-1283.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 21, 1989.*
Decided Dec. 13, 1989.
 
 Before GOODWIN, POOLE and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Following a remand for resentencing, Robert James Walton appeals pro se his sentence imposed for bank robbery and assault, in violation of 18 U.S.C. §§ 2113(a) and (d), and for being a felon in possession of a firearm, in violation of 18 U.S.C. App. II § 1202(a). Walton contends that: (1) his sentence is ambiguous; (2) he has been denied parole consideration and has been held in a maximum security prison because of his initial illegal sentence; (3) he received ineffective assistance of counsel at his resentencing hearing; (4) no factual basis exists for his plea of guilty to armed bank robbery and assault; and (5) his sentence is illegal.[1] We have jurisdiction under 28 U.S.C. § 1291 and we affirm in part and reverse and remand in part.
 
 FACTS
 
 3
 Walton was indicted for armed bank robbery and assault, in violation of 18 U.S.C. §§ 2113(a) and (d) and § 924(c) (count I), and for being a felon in possession of a firearm, in violation of 18 U.S.C. App. II § 1202(a) (count II). Walton pleaded guilty to both charges and the district court sentenced him to ten years imprisonment under 18 U.S.C. §§ 2113(a) and (d), a consecutive five-year term under 18 U.S.C. § 924(c), and a concurrent two-year term under 18 U.S.C. App. II § 1202(a).
 
 
 4
 Walton then filed a motion pursuant to 28 U.S.C. § 2255, claiming that he should not have been sentenced for the 18 U.S.C. § 924(c) charge because it was a separate offense and therefore count I was duplicitous. The district court denied the motion. We remanded the case for resentencing with instructions not to impose a sentence under 18 U.S.C. § 924(c). Walton v. United States, No. 86-2598, unpublished memorandum decision (9th Cir. Nov. 9, 1987).
 
 
 5
 The district court resentenced Walton to a ten-year term of imprisonment under 18 U.S.C. §§ 2113(a) and (d), a concurrent two year term under 18 U.S.C. App. II § 1202(a), and imposed a special assessment fee of $100. The district court gave Walton credit for all time spent in custody since his arrest and dismissed the 18 U.S.C. § 924(c) charge. Walton timely appealed.
 
 ANALYSIS
 
 6
 * Walton contends that his sentence under 18 U.S.C. § 2113(d) is ambiguous because the district court omitted § 2113(d) from its oral pronouncement of judgment at his initial sentencing hearing. Therefore, Walton argues that he should have been resentenced only for the 18 U.S.C. § 2113(a) charge. This contention is meritless.
 
 
 7
 The scope of review on appeal following remand "is narrowed to the limitations of the remand. This Court's prior holding has become law of the case, binding upon the present panel." Adamian v. Lombardi, 608 F.2d 1224, 1228 (9th Cir.1979), cert. denied, 446 U.S. 938 (1980). Any ambiguity in the district court's oral pronouncement of judgment at Walton's first sentencing hearing was eliminated when we affirmed Walton's conviction for bank robbery and assault, in violation of 18 U.S.C. §§ 2113(a) and (d). Walton v. United States, No. 86-2598, unpublished memorandum decision (9th Cir. Nov. 9, 1987). We remanded only for resentencing, with instructions not to impose a sentence under 18 U.S.C. § 924(c). Id. Thus, in this appeal, Walton is precluded from challenging his conviction under 18 U.S.C. § 2113(d). See Adamian, 608 F.2d at 1228.
 
 II
 
 8
 Walton contends that he has been denied parole consideration and has been held in a maximum security prison because of his initial illegal sentence. "Review of the execution of a sentence may be had through petition for a writ of habeas corpus under 28 U.S.C. § 2241," and must be filed in the district court in the district where the petitioner is confined. United States v. Giddings, 740 F.2d 770, 772 (9th Cir.1984). Neither Walton's eligibility for parole nor the appropriate place of confinement are issues cognizable on direct appeal. If Walton wants to raise these issues, he should do so in a petition for habeas corpus under 28 U.S.C. § 2241. See id.
 
 III
 
 9
 Walton contends that he received ineffective assistance of counsel at his resentencing hearing. "[C]laims of ineffective assistance raise factual questions best resolved in a habeas corpus proceeding, not on direct appeal." United States v. Sanclemente-Bejarano, 861 F.2d 206, 211 (9th Cir.1988). Collateral attack is preferable because "it permits the defendant to develop a record as to what counsel did, why it was done, and what, if any, prejudice resulted." United States v. Pope, 841 F.2d 954, 958 (9th Cir.1988). Here, no factual record exists regarding the performance of Walton's counsel at the resentencing hearing. Therefore, if Walton wants to assert an ineffective assistance claim, he should do so in a motion under 28 U.S.C. § 2255. See id.
 
 IV
 
 10
 Walton contends that the district court failed to establish a factual basis to support his guilty plea under 18 U.S.C. § 2113(d).
 
 
 11
 Walton is precluded from challenging his conviction under § 2113(d) in this appeal. See Adamian, 608 F.2d at 1228. Furthermore, this contention is not supported by the record. Walton admitted at his plea hearing that he used a short barrelled, chrome-plated revolver in the bank robbery. Walton argues, however, that the district court erred by failing to question him about the specific use of this weapon. At most, Walton alleges a technical violation of Fed.R.Crim.P. 11, which did not affect any of his substantial rights. See Fed.R.Crim.P. 11(h); United States v. Kearney, 750 F.2d 787, 790-91 (9th Cir.1984). See also United States v. Timmreck, 441 U.S. 780 (1979) (a technical violation of Rule 11 is not sufficient, without more, to support a collateral attack on a conviction).
 
 V
 
 12
 Walton contends that the sentence imposed under 18 U.S.C. § 2113(d) constitutes cumulative punishment for a single count of the indictment and therefore violates the constitutional prohibition against double jeopardy. This contention lacks merit.
 
 
 13
 Walton initially received consecutive sentences for the § 2113(d) and § 924(c) charges. We remanded with instructions not to impose a sentence on the § 924(c) charge. At resentencing, the district court reaffirmed the ten-year sentence under 18 U.S.C. §§ 2113(a) and (d), and dismissed the § 924(c) charge. Walton also received credit for all the time he has spent in custody since his arrest. Thus, the district court eliminated any possibility of double punishment.[2]
 
 VI
 
 14
 Finally, although not raised explicitly by Walton in his brief, he sent a letter to the district court requesting a refund of his special assessment fee. We have held 18 U.S.C. § 3013, the statute authorizing imposition of a special assessment fee, to be unconstitutional. See United States v. Munoz-Flores, 863 F.2d 654, 661 (9th Cir.1988), cert. granted, 110 S.Ct. 48 (1989). Therefore, we reverse the special assessment fee of $100 included in Walton's sentence and remand to the district court with instructions to vacate it. See Shah v. United States, 878 F.2d 1156, 1163 (9th Cir.) (issue raised by court sua sponte on appeal), cert. denied, 110 S.Ct. 195 (1989).
 
 
 15
 AFFIRMED IN PART; REVERSED AND REMANDED IN PART WITH INSTRUCTIONS TO VACATE THE SPECIAL ASSESSMENT FEE.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Circuit Rule 36-3
 
 
 [1]
 Counsel for Walton filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there is nothing in the record which could provide the basis for any claim or issue to be reviewed by this court. Walton then filed a pro se supplemental opening brief raising the issues now before the court
 
 
 [2]
 Furthermore, the double jeopardy clause does not preclude cumulative sentences under 18 U.S.C. § 2113(d) and § 924(c). United States v. Browne, 829 F.2d 760, 766-67 (9th Cir.1987), cert. denied, 108 S.Ct. 1298 (1988); United States v. Blocker, 802 F.2d 1102, 1104-05 (9th Cir.1986)