947 F.2d 951
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Roger Allen LOCKRIDGE, Defendant-Appellant.
 No. 90-50293.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 10, 1991.*
Decided Nov. 4, 1991.
 
 Before JAMES R. BROWNING, ALARCON, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Roger Allen Lockridge appeals from the denial of his motion to correct an illegal sentence pursuant to Federal Rule of Criminal Procedure 35(a). Lockridge contends that the imposition of consecutive sentences under 18 U.S.C. § 2113(a)(d) (armed bank robbery), and 18 U.S.C. § 924(c) (possession of a firearm during the commission of a crime of violence), is contrary to Congressional intent and violates the double jeopardy clause of the Fifth Amendment. Lockridge raises the following issues on appeal:
 
 
 3
 1. The imposition of consecutive sentences for violating § 2113(d) and § 924(c) is illegal because it contravenes Congressional intent and violates the double jeopardy clause of the Constitution.
 
 
 4
 2. The district court erroneously treated his Federal Rule of Criminal Procedure 35(a) motion to correct an illegal sentence as a Rule 35(b) motion for modification or reduction of sentence.
 
 I.
 
 5
 Lockridge argues that the imposition of a five-year sentence for carrying a firearm in the commission of a crime of violence in contravention of § 924(c) to run consecutively to the thirteen-year sentence for armed bank robbery imposed under § 2113(d) was invalid. Lockridge asserts that the imposition of cumulative sentences under these circumstances was contrary to Congressional intent.
 
 
 6
 Title 18 U.S.C. § 2113 provides in pertinent part:
 
 
 7
 (a) Whoever, by force and violence, ... takes ... from the person or presence of another, ... any property or money ... belonging to ... any bank, credit union, or any savings and loan ... [s]hall be fined not more than $5,000 or imprisoned not more than twenty years, or both.
 
 
 8
 (d) Whoever, in committing ... any offense defined in subsection [ ](a) ... assaults any person, or puts in jeopardy the life of any person by the use of a dangerous weapon or device, shall be fined not more than $10,000 or imprisoned not more than twenty-five years, or both.
 
 
 9
 Congress amended 18 U.S.C. § 924(c) in 1984 to provide:
 
 
 10
 Whoever, during and in relation to any crime of violence ... (including a crime of violence ... which provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) for which he may be prosecuted in a court of the United States, uses or carries a firearm, shall, in addition to the punishment provided for such crime of violence ... be sentenced to imprisonment for five years ... Notwithstanding any other provision of law, the court shall not place on probation or suspend the sentence of any person convicted of a violation of this subsection, nor shall the term of imprisonment imposed under this subsection run concurrently with any other term of imprisonment including that imposed for the crime of violence ... in which the firearm was used or carried.
 
 
 11
 (emphasis added).
 
 
 12
 To support his contention that the imposition of an additional five-year sentence for the use of a deadly weapon is illegal, Lockridge cites Simpson v. United States, 435 U.S. 6 (1978) and Busic v. United States, 446 U.S. 398 (1980). In Simpson, the Supreme Court held that the legislative history of section 924(c) demonstrated that Congress did not intend to "[authorize] the imposition of the additional penalty of § 924(c) for commission of bank robbery with firearms already subject to enhanced punishment under § 2113(d)." 435 U.S. at 13. In Busic, the Court held "that prosecution and enhanced sentencing under § 924(c) is simply not permissible where the predicate felony statute contains its own enhancement provision." 446 U.S. at 404. The Court in Busic also commented: "If corrective action is needed, it is the Congress that must provide it." Id. at 405 (emphasis added).
 
 
 13
 Congress took such corrective action when it amended section 924(c) to clarify its intent in light of the Supreme Court's interpretation of section 924(c) in Simpson and Busic. The legislative history of § 924(c) states that Simpson and Busic have "negated the section's use in cases involving statutes, such as the bank robbery statute ... which [has its] own enhanced, but not mandatory, punishment provisions in situations where the offense is committed with a dangerous weapon. These are precisely the type of extremely dangerous offenses for which a mandatory punishment for the use of firearm is the most appropriate." Continuing Appropriations, 1985-Comprehensive Crime Control Act of 1984, S.Rep. No. 98-225, 98th Cong. 2d Sess. 312 (1983), reprinted in 1984 U.S.C.C.A.N. 3182, 3490. The legislative history sets forth the following example of a proper application of the amended statute: "[A] person convicted of armed bank robbery in violation of section 2113(a) and (d) and of using a gun in its commission ... would have to serve five years ... before his sentence for the conviction under section 2113(a) and (d) could start to run." Id. at 3492.
 
 
 14
 In United States v. Blocker, 802 F.2d 1102 (9th Cir.1986), we held that section 924(c) was amended
 
 
 15
 to ensure that all persons who commit Federal crimes of violence, including those crimes set forth in statutes which already provide for enhanced sentences for their commission with a dangerous weapon, receive a mandatory sentence, without the possibility of the sentence being made to run concurrently with that for the underlying offense.
 
 
 16
 Id. at 1104, quoting Report of Senate Committee on the Judiciary, S.Rep. No. 225, 98 Cong., 2d Sess. 313 (1983), reprinted in 1984 U.S.C.C.A.N. 3182, 3491 (emphasis added). The district court did not err in imposing a five-year consecutive sentence for use of a firearm in the commission of an armed bank robbery.
 
 
 17
 Lockridge next argues that the imposition of consecutive sentences under § 2113(d) and § 924(c) violates the double jeopardy clause of the Constitution. The Fifth Amendment states in part: "nor shall any person be subject for the same offense to be twice put in jeopardy of life or limb." "[T]he test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not." Blockburger v. United States, 284 U.S. 299, 304 (1932).
 
 
 18
 In United States v. Gonzalez, 800 F.2d 895 (9th Cir.1986), we held that § 2113(d) and § 924(c) "meet the Blockburger test" because "[t]he statutory elements of 18 U.S.C. §§ 2113(a) and (d) not required to be proved for conviction under § 924(c) include the taking of money from a bank and an assault or jeopardizing the life of another. The statutory element of 18 U.S.C. § 924(c) not part of § 2113(a) and (d) is the use or carriage of a firearm." Id. at 898. Pursuant to Gonzalez, the consecutive sentence imposed by the district court did not violate the double jeopardy clause.
 
 II.
 
 19
 Lockridge also asserts that the district court erred in treating his motion to correct his sentence as a motion for a modification under Federal Rule of Criminal Procedure 35(b). Because we have concluded that the sentence was proper, any error in citing the relevant procedural rule was harmless.
 
 AFFIRMED
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument pursuant to Fed.R.App.P. 34(a), Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3