985 F.2d 571
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Kevyn L. CHILDS, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 92-36607.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 27, 1993*
Decided Feb. 2, 1993.
 
 Before REINHARDT, CYNTHIA HOLCOMB HALL and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Kevyn Lamar Childs, a federal prisoner, appeals pro se the district court's denial of his 28 U.S.C. § 2255 motion to vacate his sentence imposed following his guilty plea to armed bank robbery, in violation of 18 U.S.C. §§ 2113(a) and (d), and use of a firearm in relation to a bank robbery, in violation of 18 U.S.C. § 924(c). We review de novo, United States v. Angelone, 894 F.2d 1129, 1130 (9th Cir.1990), and we affirm.
 
 I. Ineffective Assistance of Counsel
 
 3
 Childs contends that his defense counsel was ineffective in failing to challenge his guilt on the firearms charge where his accomplice, and not he, brandished the firearm during the robbery. He also contends that, due to his counsel's ineffective assistance, he was unaware of 18 U.S.C. § 924(c)'s mandatory minimum five-year term.
 
 
 4
 To demonstrate ineffective assistance of counsel, a defendant must show that counsel's performance was deficient and that the deficient performance prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). In the context of a guilty plea, the defendant must show that he would not have pleaded guilty and would have insisted on going to trial but for counsel's ineffective assistance. Hill v. Lockhart, 474 U.S. 52, 59 (1985).
 
 
 5
 Childs's counsel properly declined to challenge the firearms charge on the ground that Childs's accomplice brandished the firearm because a defendant may be convicted of violating 18 U.S.C. § 924(c) without personally brandishing the firearm. United States v. Torres-Medina, 935 F.2d 1047, 1049 (9th Cir.1991).
 
 
 6
 Child's contention that he was unaware of section 924(c)'s mandatory minimum five-year term is belied by the record. Childs acknowledged his understanding of the mandatory minimum term both in the plea agreement and during the change of plea hearing.
 
 II. Enhanced Penalty Provisions
 
 7
 Childs contends that the enhanced penalty provisions of 18 U.S.C. §§ 2113 and 924(c) are ambiguous. We have held, however, that these provisions are unambiguous and provide for the imposition of consecutive sentences. See United States v. Cannizzaro, 871 F.2d 809, 810 (9th Cir.), cert. denied, 493 U.S. 895 (1989); United States v. Blocker, 802 F.2d 1102, 1105 (9th Cir.1986).
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3