69 F.3d 545
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jeffrey W. FARR, Defendant-Appellant.
 No. 94-10415.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 15, 1995.*
Decided Oct. 30, 1995.
 
 1
 Before: BEEZER and THOMPSON, Circuit Judges, and EZRA, District Judge.**
 
 
 2
 MEMORANDUM***
 
 
 3
 In this appeal, Jeffrey W. Farr, convicted of bank fraud and money laundering, cites two errors in his trial and sentencing. Farr contends that: 1) his money laundering convictions should be reversed because an artificially inflated bank balance resulting from check kiting activity does not constitute "property" and "proceeds" under 18 U.S.C. Sec. 1956(a)(1)(A)(i); and 2) punishing him for conspiracy to commit bank fraud in violation of 18 U.S.C. Sec. 371, as well as for money laundering in violation of 18 U.S.C. Sec. 1956(a)(1)(A)(i), constitutes double jeopardy.
 
 I. FACTS
 
 4
 Defendant-Appellant Jeffrey W. Farr participated in a complex check kiting operation and was convicted of one count of bank fraud in violation of 18 U.S.C. Sec. 1344, one count of conspiracy to commit bank fraud, 18 U.S.C. Sec. 371, and fourteen counts of money laundering. 18 U.S.C. Sec. 1956(a)(1)(A)(i). The district court sentenced him to a term of imprisonment of 40 months on each count to be served concurrently, and imposed a fine of $2,000.
 
 
 5
 Benito Estacio, a codefendant charged under identical counts, was tried separately and convicted on all sixteen counts. United States v. Estacio, No. 93-10713, slip op. at 10387 (9th Cir. Aug. 22, 1995).
 
 II. STANDARD OF REVIEW
 
 6
 We review a district court's construction or interpretation of a statute de novo. United States v. Monroe, 943 F.2d 1007, 1014 (9th Cir.1991), cert. denied, 503 U.S. 971 (1992); United States v. Ripinsky, 20 F.3d 359, 361 (9th Cir.1994).
 
 
 7
 Defendant-Appellant did not raise a double jeopardy issue in the district court proceeding. However, we have held that a defendant's failure to complain of duplicitous sentences before the district court does not preclude consideration of a double jeopardy claim on appeal. See United States v. Blocker, 802 F.2d 1102, 1103 (9th Cir.1986); United States v. Karlic, 997 F.2d 564, 570 (9th Cir.1993). Whether a defendant's double jeopardy rights have been violated constitutes a question of law reviewed de novo. United States v. Horodner, 993 F.2d 191, 193 (9th Cir.1993).
 
 III. DISCUSSION
 
 8
 A. "Proceeds" Under the Money Laundering Control Act
 
 18 U.S.C. Sec. 1956(a)(1)(A)(i) provides:
 
 9
 Whoever, knowing that the property involved in a financial transaction represents the proceeds of some form of unlawful activity, conducts or attempts to conduct such a financial transaction which in fact involves the proceeds of specified unlawful activity ... with the intent to promote the carrying on of specified unlawful activity [is guilty of money laundering].
 
 
 10
 18 U.S.C. Sec. 1956(a)(1)(A)(i). A "specified unlawful activity" includes defrauding financial institutions in violation of 18 U.S.C. Sec. 1344. See 18 U.S.C. Sec. 1956(c)(7)(A).
 
 
 11
 Defendant-Appellant's appeal focuses specifically on the words "proceeds" and "property" in the statute. He argues that there were no identifiable "proceeds" derived from unlawful activity used to further promote and carry on an illegal activity in his case.
 
 
 12
 We recently rejected this very argument in the companion appeal by codefendant Estacio, United States v. Estacio, No. 93-10713, slip op. at 10387 (9th Cir. Aug. 22, 1995), and affirmed Estacio's convictions for one count of conspiracy to commit bank fraud, one count of aiding and abetting bank fraud, and fourteen counts of money laundering. Id. at 10390, 10397. We noted the unusual nature of Estacio's prosecution in that money laundering is not usually associated with check kiting. Id. at 10390. Nevertheless, we found meritless "Estacio's contention that inflated credits in a bank account cannot constitute 'proceeds of unlawful activity'...." Id. Accordingly, Defendant-Appellant's argument lacks merit.
 
 B. Multiplicity and Double Jeopardy
 
 13
 Defendant-Appellant asserts that the punishments imposed for both money laundering and conspiracy to commit bank fraud violate the Double Jeopardy Clause of the Fifth Amendment; he points to the fact that the charges for conspiracy to commit bank fraud and for money laundering overlap in time.
 
 
 14
 A multiplicitous indictment is one that charges in separate counts two or more crimes, when only one crime has been committed. See United States v. Castaneda, 9 F.3d 761, 765 (9th Cir.1993), cert. denied, 114 S.Ct. 1564 (1994). We look to congressional intent when determining whether two criminal counts constitute a single offense. See United States v. Wolfswinkel, 44 F.3d 782 (9th Cir.1995). First, the statutory rule of construction set forth in Blockburger v. United States, is used in this analysis: "where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not." 284 U.S. 299, 304 (1932) (cited in Wolfswinkel, 44 F.3d at 784). When applying this test, we examine the statutory elements of each offense, rather than the actual evidence produced at trial. Wolfswinkel, 44 F.3d at 784-85 (citations omitted). After applying this "same elements" test, we look to other indicia of legislative intent in order to ensure that Congress did not express a contrary intent. Id. at 785.
 
 
 15
 A plain reading of the statutes prohibiting bank fraud and money laundering reflects that the statutes address different types of conduct, and each requires proof of different facts. The relevant bank fraud provision here deals with "schemes or artifices[1] to defraud a financial institution," 18 U.S.C. Sec. 1344, while the money laundering statute prohibits participation in any financial transactions using proceeds from illegal sources. See 18 U.S.C. Sec. 1956(a)(1)(A)(i). Here, since one offense requires proof of a fact not required by the other, the Blockburger test is satisfied, and sentences under each statutory provision may be constitutionally imposed.
 
 
 16
 Moreover, an examination of the money laundering statute, specifically of 18 U.S.C. Sec. 1956(a)(1)(A)(i) and (c)(7)(A), reveals that bank fraud is an underlying "specified unlawful activity" (included in 18 U.S.C. Sec. 1961(1)). This indicates Congress' intent that bank fraud and money laundering be charged as separate offenses.[2]
 
 
 17
 The legislative history of both statutes also indicates that they were enacted to address separate evils. The money laundering statute's legislative history indicates that Congress was targeting the post-crime concealment of ill-gotten gains, see United States v. Edgmon, 952 F.2d 1206, 1213 (10th Cir.1991) (citations omitted), cert. denied, 112 S.Ct. 3037 (1992). However, when Congress enacted the bank fraud statute, it intended to fill in the apparent gaps dealing with bank crimes, see United States v. Bonnett, 877 F.2d 1450, 1454 (10th Cir.1989), and wanted to "assure federal criminal jurisdiction for banking offenses." Wolfswinkel, 44 F.3d at 785 (citations omitted). The Defendant-Appellant was therefore properly punished for both conspiracy to commit bank fraud and money laundering.
 
 
 18
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App. 34(a); 9th Cir.R. 34-4
 
 
 **
 Honorable David Alan Ezra, District Judge for the District of Hawaii, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 In United States v. Cloud, we noted that "[f]or purposes of the bank fraud statute, the terms 'scheme' and 'artifice' are defined to include 'any plan, pattern, or [course] of action ... intended to deceive....' " 872 F.2d 846, 850 (9th Cir.) (citations omitted), cert. denied, 493 U.S. 1002 (1989) (cited in Wolfswinkel, 44 F.3d at 785)
 
 
 [2]
 We note one district court's assessment of the issue:
 The money laundering statute is especially distinct from the bank fraud statute because it requires that the bank fraud--as a specified unlawful activity--first occur before an offense under [a related provision,] 18 U.S.C. Sec. 1957 can be committed.... [T]he plain language of Sec. 1957 specifically provides that bank fraud and money laundering can be charged as separate offenses and are separately punishable.
 United States v. Hillard, 818 F.Supp. 309, 314-15 (D.Colo.1993) (citations omitted).
 Section 1957 also prohibits money laundering activity, but the government "is not required to prove that the defendant knew that the offense from which the criminally derived property was derived was specified unlawful activity." 18 U.S.C. Sec. 1957.