83 F.3d 430
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Gunther THIMM, Defendant-Appellant.
 No. 95-30124.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 4, 1996.
Decided April 26, 1996.
 
 Before: REINHARDT, KOZINSKI, FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Gunther Thimm was convicted of bank robbery and carrying a firearm during a violent crime in connection with the August 9, 1994 bank robbery of a U.S. Bank branch in Beaverton, Oregon. Thimm raises six grounds on appeal, each of which lacks merit. As the parties are familiar with the relevant facts, we do not discuss them here.
 
 
 3
 I. Did the voir dire of Juror H violate Thimm's Due Process and Sixth Amendment rights and thus warrant a new trial?
 
 
 4
 Thimm argues that the prosecutor abused the voir dire process by asking a rape victim in the jury pool whether she could ever forget the face of her assailant. He contends that, because the prosecution's case hinged upon the reliability of eyewitness testimony, the prosecutor's questioning was devastatingly prejudicial, and inadmissible because it was not subject to cross-examination.
 
 
 5
 "A defendant is entitled to a new trial when the jury obtains or uses evidence that has not been introduced during trial if there is a 'reasonable possibility that the extrinsic material could have affected the verdict." Dickson v. Sullivan, 849 F.2d 403, 405 (9th Cir.1988) (reversible error when deputy sheriff told jurors that the defendant had previously engaged in similar criminal behavior) (internal citation omitted). Although we have some concerns regarding the manner in which the prosecutor used the information he planted with the jury during voir dire, we hold that district court did not abuse its discretion in permitting the question and answer. See United States v. Knipp, 963 F.2d 839, 845 (9th Cir.1992) (finding no abuse of discretion when juror states in voir dire that she knew government witness "all her life" and would be inclined to believe anything he said).
 
 
 6
 II. Did the district court abuse its discretion under Fed.R.Evid. 609(a)(1) by allowing the prosecutor to ask Thimm multiple "generic" questions about his criminal history?
 
 
 7
 Thimm contends that the judge abused his discretion by allowing questioning of the defendant as to multiple unnamed felonies; according to Thimm, the ambiguity of those convictions fueled prejudice by allowing the jury to speculate as to the heinousness of the felonies.
 
 
 8
 We recognize the possibility that jurors will speculate as to the nature of a defendant's prior crimes if unnamed felonies are used for impeachment. Although impeachment with unnamed felonies may not be the wisest course in a case such as the one before us in which the defendant has not misrepresented his background, if there was any error here it was harmless beyond a reasonable doubt. The evidence against Thimm was overwhelming and his denials standing alone were insufficient to reduce significantly the force of the prosecution's case.[1] United States v. Castenada, 16 F.3d 1411, 1413 n. 2 (9th Cir.1994) (applying Chapman harmless error standard to trial errors of a constitutional magnitude); United States v. Bagley, 772 F.2d 482, 489 (9th Cir.1984) (holding error to be harmless when defendant's testimony would not have been corroborated, four eyewitnesses identified the defendant at trial, and clothing worn by the robber was found in the defendant's automobile).
 
 
 9
 III. Should the district court have suppressed the eyewitness identification testimony as being the unreliable product of an impermissibly suggestive pre-trial show-up?
 
 
 10
 An identification procedure does not violate due process unless it is "so impermissibly suggestive as to give rise to a substantial likelihood of irreparable misidentification." United States v. Givens, 767 F.2d 580, 581 (9th Cir.) (citation omitted), cert. denied, 474 U.S. 953 (1985). If the procedure is impermissibly suggestive, the court must look to the totality of the circumstances to determine if the procedure was "nonetheless reliable" to satisfy the due process. Id. (citation omitted).
 
 
 11
 Because contentions nearly identical to Thimm's were addressed and rejected by this Court in United States v. Kessler, 692 F.2d 584 (9th Cir.1982), we conclude that the identification procedure in this case was not so impermissibly suggestive as to give rise to a due process violation.
 
 
 12
 IV. Did the prosecutor violate Thimm's Fifth Agreement right to due process and his Miranda right against self-incrimination when he asked him on cross-examination why he never mentioned "Cisco" to the police during questioning?
 
 
 13
 Thimm contends that the prosecutor impermissibly commented on his post-arrest, post-Miranda silence at trial by asking why he did not tell the police about "Cisco," the man Thimm alleged committed the robbery. A police officer testified at trial that Thimm volunteered the statements "all I did was carry the bag" and "all I did was take the money" after being Mirandized.
 
 
 14
 When a defendant has maintained his silence after receiving his Miranda rights, the prosecution cannot use his silence to impeach an exculpatory story told for the first time at trial without violating his rights to due process. Doyle v. Ohio, 426 U.S. 610, 618 (1976). However, if the defendant has voluntarily offered information after receiving his Miranda rights, Doyle does not prohibit "cross-examination that merely inquires into prior inconsistent statements." Anderson v. Charles, 447 U.S. 404, 408 (1980). Even if we assume that a Doyle error occurred, it is harmless because Thimm was asked about "Cisco" only once and the evidence against him was overwhelming. See United States v. Foster, 985 F.2d 466, 468 (1993) (reversible error when prosecutor questions witness five times in a manner that comments on the witness' choice to remain silent).
 
 
 15
 V. Did the Thimm's sentence violate double jeopardy because (1) he received a five-year additional sentence for carrying a firearm in the commission of a felony pursuant to 18 U.S.C. § 924(c) or (2) it constituted impermissible "double counting" because he was assigned an offense level of 34 for armed robbery as a career offender when he would have been assigned an offense level of 32 for bank robbery without a weapon?
 
 
 16
 Thimm contends that he is being sentenced twice for brandishing a firearm during the robbery because (1) he received an additional five-year sentence for his conviction of using a firearm in a crime of violence and (2) his offense level under the sentencing guidelines was increased by two points due to the disparity between robbery and armed robbery mandatory minimums.
 
 
 17
 His first contention is without merit. We have previously held that the imposition of consecutive sentences for armed robbery and using a gun to effectuate that robbery does not violate the double jeopardy clause. United States v. Cannizzaro, 871 F.2d 809 (9th Cir.1989); United States v. Blocker, 802 F.2d 1102, 1103 (9th Cir.1986).
 
 
 18
 We need not reach Thimm's contention that his sentence constitutes impermissible double counting under the Guidelines, as defined in United States v. Alexander, 48 F.3d 1477, 1492 (9th Cir.1993) ("Impermissible double counting occurs only when 'one part of the Guidelines is applied to increase a defendant's punishment on account of a kind of harm that has already been fully accounted for by application of another part of the Guidelines.' "). Double counting is only to be found where one Guideline provision "is akin to a lesser included offense of another, yet both are applied." United States v. Reese, 2 F.3d 870, 895 (9th Cir.1993) (citation omitted). In this case, when Congress amended § 924(c), it explicitly permitted the imposition of a consecutive five-year sentence under § 924(c) even where the "predicate" offense, including 18 U.S.C. § 2113, provides for an enhanced sentence for use of a firearm. 1984 U.S.C.C.A.N. 3490-91 (98th Congress). Thimm's due process and equal protection arguments fail because the resulting sentencing scheme is not irrational.
 
 
 19
 VI. Did the trial court improperly sentence Thimm based on false information?
 
 
 20
 A defendant challenging information used in sentencing must show that such information is (1) false or unreliable and (2) demonstrably the basis for the sentence. United States v. Messer, 785 F.2d 832, 834 (9th Cir.1986) (judge's failure to comply with Fed.R.Crim.Proc. 32(c)(3)(D) and make findings as to disputed information required a remand for resentencing).
 
 
 21
 The district court did erroneously state that the presentence report contained information about Thimm's uncooperative institutional conduct. However, it is clear from the transcript that the district court did not rely on this erroneous information in sentencing the defendant. The remark was simply made during a discussion of the credit the defendant might earn for good time while incarcerated.
 
 
 22
 Nevertheless, because the erroneous comment is attached to the judgment as a finding of fact, we remand this case solely for the purpose of striking the erroneous comment from Thimm's record, and especially that part that is forwarded to the prison or probation authorities.[2]
 
 CONCLUSION
 
 23
 For the foregoing reasons, Thimm's conviction is AFFIRMED and the matter is REMANDED solely for the purpose of correcting the material that accompanies records, as set forth in Section VI of this disposition.
 
 
 24
 AFFIRMED in part; REMANDED in part.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 We recognize that the trial error may not have been of constitutional magnitude; thus, the government would only need to show that the error was more probably than not harmless. United States v. Vgeri, 51 F.3d 876, 882 (9th Cir.1995) (admission of prior bad acts is not constitutional error). However, because Thimm's uncorroborated testimony could not reasonably offset the overwhelming weight of evidence against him, we find the error harmless regardless of which test is used
 
 
 [2]
 The sentencing transcript containing the district court's erroneous statement was incorporated as a finding of fact in the Findings of Fact Order found on pages 36 and 43 of the Excerpts of Record