**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Johnny P. WATTS, Defendant–**
**Appellant.**

No. 02–3178.

United States Court of Appeals,
Seventh Circuit.

Submitted Oct. 25, 2002.[1]

Decided Jan. 14, 2003.

Rehearing Denied Feb. 7, 2003.

Before FAIRCHILD, CUDAHY, and COFFEY, Circuit Judges.

ORDER

Johnny P. Watts pled guilty to a two-count indictment charging him with armed bank robbery (Count One), in violation of 18 U.S.C. § 2113(a) and (d), and using or carrying a firearm during a crime of violence (Count Two), in violation of 18 U.S.C. § 924(c)(1). The district court sentenced Watts to 57 months of imprisonment on Count One, to 60 months imprisonment on

---

1. This appeal is successive to Nos. 00–4008, 00–4166, and is being decided under Operating Procedure 6(b). After examination of the briefs and the record, we conclude that the appeal may be resolved without oral argument. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

Count Two, plus a five-year period of supervised release. Watts was also ordered to pay monetary penalties, namely, $200.00 in assessments and $55,314.00 in restitution.

With respect to Watts's violation of 18 U.S.C. § 924(c)(1), the trial judge was of the opinion that, because the indictment had not specifically charged Watts with "brandishing" his firearm, the district court did not have the authority to increase the minimum sentence an additional 24 months for the brandishing of a firearm under 18 U.S.C. § 924(c)(1)(A)(ii). Defendant filed a timely notice of appeal from the sentence, as did the United States.

On appeal, this Court reversed the district court's imposition of a five-year term of imprisonment on Count Two, on the basis that *Apprendi* did not apply to the statutory minimum sentence set forth under 18 U.S.C. § 924(c)(1)(A)(iii). *United States v. Watts*, 256 F.3d 630, 634–35 (2001).[2] Finding that the district court *did* have authority to increase the minimum sentence, we remanded the case to the district court to consider the issue of whether Watts had brandished his firearm during the robbery, and was therefore subject to a mandatory minimum seven-year term of imprisonment. *Id.*

On remand, the district court found that Watts had brandished his weapon in the course of the robbery and, accordingly, resentenced Watts to a term of imprisonment of eighty-four months on Count Two. On August 16, 2002, at Watts's request, Watts's counsel filed a timely notice of appeal. On October 2, 2002, Watts's counsel filed a motion for leave to withdraw, accompanied by an *Anders* brief in which

he claimed that Watts had presented no non-frivolous issue on appeal. Watts filed a *pro se* response to his counsel's *Anders* brief on December 4, 2002.

Watts argues that he should not have been sentenced under both 18 U.S.C. §§ 2113(a) and (d) (Count One, armed bank robbery) and 18 U.S.C. § 924(c) (Count Two, use of a firearm during a crime of violence), because the two statutes punish the same conduct, in violation of his Fifth Amendment due process rights. Watts's argument on appeal is frivolous, however, because similar arguments have been dismissed by this Court, as well as several other courts, on prior occasions. *See, e.g., United States v. Larkin*, 978 F.2d 964, 972 (7th Cir.1992) (holding that the imposition of two consecutive terms for possession of firearm during crime of violence violation and armed bank robbery violation was not unconstitutional, because Congress amended the relevant statutes to provide for consecutive sentences in such circumstances); *United States v. Holloway*, 905 F.2d 893, 895 (5th Cir.1990); and *United States v. Shavers*, 820 F.2d 1375, 1377–78 (4th Cir.1987) ("Cumulative punishments prescribed by Congress are constitutional"). *See also United States v. Young*, 936 F.2d 1050, 1056 (9th Cir.1991) (dismissing due process challenge to cumulative punishment under 18 U.S.C. § 922(g) (felon in possession of a firearm) and 18 U.S.C. § 924(c) (use of firearm during crime of violence) on basis that "Section 924(c) expressly provides that its penalty shall be applied even where the underlying offense contains 'an enhanced punishment if committed by the use of a deadly or dangerous weapon.'").[3]

---

2. Also, as to Watts's appeal, this Court held that the federal armed bank robbery statute, 18 U.S.C. § 2113, did not infringe the Commerce Clause, and affirmed the district court's entry of judgment as to Count One on that basis. *United States v. Watts*, 256 F.3d 630, 632–33 (7th Cir.2001).

3. Watts's counsel also argues in his *Anders* brief that any challenge to the sentencing scheme on double jeopardy grounds would also be frivolous, as would a challenge to Count 2 of the Superceding Indictment. Indeed, double jeopardy challenges to the sen-

As the Supreme Court held in *Missouri v. Hunter*, 459 U.S. 359, 368, 103 S.Ct. 673, 74 L.Ed.2d 535 (1983), where "a legislature specifically authorizes cumulative punishment under two statutes, regardless of whether those two statutes proscribe the 'same' conduct under *Blockburger*, a court's task of statutory construction is at an end and the prosecutor may seek, and the trial court or jury may impose, cumulative punishment under such statutes in a single trial." Under 18 U.S.C. § 924(c), as amended, Congress expressly provides that punishment for violation of the Subsection is to be imposed *in addition* to punishment for commission of the underlying offense. 18 U.S.C. § 924(c)(1)(D) ("no term of imprisonment ... under this subsection shall run concurrently with any other term of imprisonment imposed on the person, including any term of imprisonment imposed for the crime of violence ... during which the firearm was used ...").[4] Accordingly, we hold that the district court's imposition of consecutive sentences for Watts's violation of 18 U.S.C. § 2113(d) and 18 U.S.C. § 924(c) did not infringe Watts's due process rights.

---

tencing scheme have been uniformly rejected by the courts. *See, e.g., United States v. Handford*, 39 F.3d 731, 734 (1994), *United States v. Davis*, 306 F.3d 398, 418 (6th Cir.2002), and *United States v. Blocker*, 802 F.2d 1102, 1102 (9th Cir.1986). Moreover, the superceding indictment was clearly sufficient to put Watts on notice of the offense charged. *United States v. Agostino*, 132 F.3d 1183, 1191 (7th Cir.1997). Thus, we agree with the assessment of Watts's counsel that there is no non-frivolous issue presented on appeal, and conclude to grant counsel's motion to withdraw.

4. Watts bases his due process argument on the Supreme Court's holdings in *Simpson v. United States*, 435 U.S. 6, 98 S.Ct. 909, 55 L.Ed.2d 70 (1978) and *Busic v. United States*, 446 U.S. 398, 100 S.Ct. 1747, 64 L.Ed.2d 381 (1980). In *Simpson* and *Busic*, the Supreme Court held that, as a matter of statutory con-

---

The appeal is DISMISSED and counsel's motion to withdraw is granted.

---

struction, Section 924(c) was inapplicable where the statute defining the underlying offense contained its own penalty enhancement for using or carrying a weapon. *See Busic*, 446 U.S. at 403–419; *Simpson*, 435 U.S. at 12–16. However, subsequent to *Simpson* and *Busic*, Congress amended Section 924(c) to expressly provide that punishment for a violation of 924(c) is to be imposed *in addition* to punishment of the underlying offense. Such amendment "was adopted to overrule the statutory interpretation rulings of the Supreme Court in *Simpson* and *Busic*." *United States v. Pisani*, 787 F.2d 71, 74 (2d Cir.1986). Because Congress has thus made clear its intention that punishment imposed under 924(c) should be imposed *in addition* to punishment for the underlying offense, Watts's claim that such consecutive sentences are unconstitutional is without merit.