**UNITED STATES of America, Plaintiff,**

v.

**John J. HILLIARD, Defendant.**

**Crim. No. 92–CR–387.**

United States District Court,
D. Colorado.

April 13, 1993.

Robert Mydans, Brenda Taylor, Asst. U.S. Attys., Denver, CO, for plaintiff.

James R. Hobbs, Wyrsch Atwell Mirakian Lee & Hobbs, P.C., Kansas City, MO, Larry Pozner, Pozner Hutt & Kaplan, Denver, CO, for defendant.

## MEMORANDUM OPINION AND ORDER

BABCOCK, District Judge.

Before me are the following defense motions:

1) defendant's motion to sever counts;

2) defendant's motion to dismiss the indictment or in the alternative to dismiss counts 2–15 and counts 17–24 on the grounds of multiplicity and double jeopardy;

3) defendant's motion to dismiss count 25 on grounds of multiplicity, vagueness and unconstitutional shifting of the burden of proof;

4) defendant's motion for discovery.

A hearing on these motions was held April 7, 1993. For the reasons set forth below all motions will be denied.

### I.

The defendant John Hilliard (Hilliard) is charged in a twenty-five count indictment with two distinct counts of bank fraud in violation of 18 U.S.C. § 1344, twelve counts of misappropriation of funds in violation of 18 U.S.C. § 657, eight counts of money laundering in violation of 18 U.S.C. § 1957, two counts of making a false accounting entry in violation of 18 U.S.C. § 1006, and one count of criminal forfeiture pursuant to 18 U.S.C. § 982.

Count 1 alleges that Hilliard committed bank fraud by diverting certain funds owned by First American Savings Bank (FASB) to its holding company, the National Savings Bank Corporation of Colorado (NSB). Specifically, this count charges that Hilliard and others set up a scheme whereby funds characterized as deferred tax payments were diverted from FASB to NSB ostensibly to be used for the payment of taxes owed by FASB. Related to this allegedly fraudulent scheme, Hilliard is charged in counts 2–11 with misappropriation of funds for acts in execution of the scheme and in counts 12–15 with money laundering.

Count 16 alleges a second bank fraud scheme, specifically, that Hilliard and others made certain false entries in FASB accounting records that inflated the gain recognized on the sale of certain buildings and the value of certain improvements made to those buildings. Further, Hilliard and others allegedly diverted funds from FASB to NSB ostensibly for the payment of taxes related to the gain recognized on the sale of the building and a portion of these funds were allegedly paid by NSB to Hilliard in the form of dividends. Related to this second alleged scheme, Hilliard is charged in counts 17 and 18 with making false accounting entries, in counts 19 and 20 with misappropriation of funds, and in counts 21–24 with money laundering.

Count 25 is a forfeiture count predicated on the alleged violations in counts 12–15 and 21–24.

### II.

### A. Motion for Severance

■ Hilliard contends that counts 1–15 should be severed from counts 16–24 with count 25 to be joined with either set of charges. The government opposes this motion.

Hilliard contends that the offenses are not properly joined pursuant to Federal Rule of Criminal Procedure 8(a) which provides that the joinder of offenses is improper unless they (1) are of the same or similar character, (2) are based on the same act or transaction, or (3) constitute parts of a common scheme or plan. Hilliard argues that the nature of the transaction involved in counts 1–15 is separate and distinct from the transactions alleged in counts 16–24. The government argues, and I agree, that the offenses are "of the same or similar character."

First, all of the offenses are crimes of deceit involving a federally insured lending institution. *Accord U.S. v. Cartwright,* 632 F.2d 1290, 1293 (5th Cir.1980). Second, each of the offenses relate to the overall operation of FASB, for which Hilliard was the president and chief executive officer. Third, all offenses are alleged to have occurred within the same general time period. Fourth, both of the underlying bank fraud schemes involve efforts by Hilliard to generate money for the holding company, NSB. Finally, the offenses involve the same victim—FASB.

■ Hilliard further argues that the evidence of the two sets of counts will not necessarily overlap. The government states, however, that the evidence will overlap and that the same witnesses will be required to testify concerning each of the schemes. Where, as here, the evidence overlaps, the offenses are similar, and the operable events occurred within a short time of each other, joinder of offenses is proper. *U.S. v. Esch,* 832 F.2d 531, 538 (10th Cir.1987), *cert. denied,* 485 U.S. 908, 108 S.Ct. 1084, 99 L.Ed.2d 242 (1988).

■ I conclude that joinder is proper in this case. Furthermore, joinder of the offenses is consistent with the purpose of Fed. R.Crim.P. 8(a)—to promote judicial and prosecutorial economy and, conversely, to avoid wasteful and duplicative effort that would be required in having to establish the alleged schemes in two separate trials. *See U.S. v. Werner,* 620 F.2d 922, 928 (2d Cir.1980).

■ Hilliard also argues generally that he will be unfairly prejudiced if both sets of counts are tried together. Under Federal Rule of Criminal Procedure 14, the court may order separate trials if it appears that a defendant will be prejudiced by a joinder of the offenses. However, in order to overcome society's interest in conducting a single trial, a defendant must demonstrate, beyond speculation, a significant degree of actual prejudice. *U.S. v. Bailey,* 952 F.2d 363, 365 (10th Cir.1991). A district court is not required to sever counts when the cumulative effect of evidence of similar misconduct might potentially prejudice the defendant. *See U.S. v. Hollis,* 971 F.2d 1441, 1457 (10th Cir.1992), *cert. denied,* —— U.S. ——, 113 S.Ct. 1580, 123 L.Ed.2d 148 (1993). Here, Hilliard's general allegation of prejudice fails to satisfy his burden of overcoming the strong presumption of joinder. Accordingly, the motion to sever will be denied.

B. Motion re: Multiplicity and Double Jeopardy

■ Multiplicity is the improper charging of a single offense in more than one count. *Gerberding v. U.S.,* 471 F.2d 55, 58 (8th Cir.1973). Hilliard contends that the government has charged him in counts 2–15 with the same conduct as that alleged in count 1, and that counts 17–24 encompass the same conduct as count 16. Therefore, he argues that counts 2–15 and 17–24 are multiplicitous and should be dismissed.

■ The test for determining whether an indictment is multiplicitous is three-fold: (1) the court must inquire whether each of the provisions defining the offenses unambiguously authorize multiple punishment for a violation of its terms; (2) whether the two offenses are sufficiently distinguishable from one another that the inference that Congress intended to authorize multiple punishments is a reasonable one; and (3) if so, whether the legislative history evidences a contrary legislative intent. *See U.S. v. Seda,* 978 F.2d 779, 780 (2d Cir.1992); *see also Hollis,* 971 F.2d at 1450. If congressional intent is unclear, the statutes are then examined under *Blockburger v. United States,* 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932) to determine if each requires proof of a fact that the other does not. Under this analysis I conclude that the indictment is not multiplicitous. *Id.*

■ A statute covering a broad range of conduct can be applied simultaneously with more narrowly focused statutes resulting in multiple punishment for one act. *Blockburger v. U.S.,* 284 U.S. at 304, 52 S.Ct. at 182; *U.S. v. Seda,* 978 F.2d at 781. Here, the broader range of conduct is charged in the bank fraud counts, while the more narrowly focused counts include charges of misapplication of bank funds, making of false entries in bank records, and money laundering. A plain reading of the statutory language defining these offenses reflects that the various statutes address different types of conduct. For example, the bank fraud statute, 18 U.S.C. § 1344, deals with schemes or artifices to defraud, while 18 U.S.C. § 657 deals specifically with the misapplication of bank funds. Similarly, 18 U.S.C. § 1006 prohibits making false entries in bank records, while 18 U.S.C. § 1957, money laundering, prohibits engaging in bank transactions using money derived from illegal sources.

■ Likewise, the legislative history of each statute demonstrates that they were enacted to deal with separate evils. The purpose of the false entry prohibition under § 1006 is "to ensure that the financial documents and materials of federally-controlled financial institutions are accurate and truthful." *U.S. v. Stovall,* 825 F.2d 817, 823 (5th Cir.1987), *modified on other grounds,* 833 F.2d 526 (5th Cir.1987). In contrast, the purpose of the misapplication prohibition under § 657 is "to protect federally-insured financial institutions from loss and preserve the assets for their intended distribution." *Id.* The money laundering statute, on the other hand, was enacted to prohibit the post-crime concealment of ill-gotten gains. *United States v. Edgmon,* 952 F.2d 1206, 1213 (10th Cir.1991), *cert. denied,* —— U.S. ——, 112 S.Ct. 3037, 120 L.Ed.2d 906 (1992). Congress enacted the bank fraud statute to fill the obvious gaps in existing laws dealing with bank crimes. *U.S. v. Bonnett,* 877 F.2d 1450, 1454 (10th Cir.1989). There is no indication that Congress intended the bank fraud statute to supersede other bank related crimes.

The intent of Congress is clear regarding each statute at issue here. If, however, the intent of Congress were not clear, application of the *Blockburger* test reveals that these counts are not multiplicitous. *See U.S. v. Hollis,* 971 F.2d 1441, 1450 n. 3 (10th Cir. 1991), *cert. denied,* —— U.S. ——, 113 S.Ct. 1580, 123 L.Ed.2d 148 (1993).

■ Hilliard argues that the *Blockburger* test was substantially modified in *Grady v. Corbin,* 495 U.S. 508, 110 S.Ct. 2084, 109 L.Ed.2d 548 (1990), and that the focus is no longer on the statutory elements of the offenses, but rather on the facts charged in the offenses. As the Tenth Circuit teaches in *Hollis,* however, the *Grady* test specifically applies to successive prosecutions. When as here, all of the offenses have been charged within a single prosecution, *Blockburger* is still the rule. *U.S. v. Hollis,* 971 F.2d at 1450 n. 3.

*Blockburger* embodies the rule of statutory construction:

> [W]here the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact that the other does not.

284 U.S. at 304, 52 S.Ct. at 182. If an offense requires proof of a fact not required by the other, *Blockburger* is satisfied and sentences under each statutory provision may be constitutionally imposed even though there may be a substantial overlap in the proof offered to establish the crimes. *U.S. v. Stovall,* 825 F.2d 817, 822 (5th Cir.1987) (citing *Ball v. U.S.,* 470 U.S. 856, 861–62, 105 S.Ct. 1668, 1671–72, 84 L.Ed.2d 740 (1985)).

■ A review of the elements of each of the offenses charged in this case indicates that the bank fraud statute requires proof of a fact not required by the other offenses. The crux of the bank fraud statute is the execution of a scheme or artifice to defraud or obtain money from a financial institution. *U.S. v. Young,* 952 F.2d 1252, 1256 (10th Cir.1991). This element is not required to prove a misapplication, false entry, or money laundering offense. In contrast, the misapplication and false entry statutes require that the offender be an officer of the bank, whereas the bank fraud statute does not. *See, e.g., U.S. v. Stovall,* 825 F.2d at 822. The crux of the misapplication statute, § 657, is the willful misapplication of bank funds. *Id.* This is not an element, however, of bank fraud. Likewise the crux § 1006 is the making of a false entry in a bank record. *Id.* Again, this element is not required to prove bank fraud. The money laundering statute is especially distinct from the bank fraud statute because it requires that the bank fraud—as a specified unlawful activity—first occur before an offense under 18 U.S.C. § 1957 can be committed. More specifically as charged here, 18 U.S.C. § 1957 provides that an offender engages in a banking transaction which involves "criminally derived property that is of a value greater than $10,000 and is derived from specified unlawful activity." According to § 1957(f)(2), "criminally derived property" means any property constituting, or derived from, proceeds obtained from a criminal offense. Under § 1956(c)(7)(D), "specified unlawful activity" means an offense under 18 U.S.C. § 1344. Thus, the plain language of

§ 1957 specifically provides that bank fraud and money laundering can be charged as separate offenses and are separately punishable. *Accord U.S. v. Lovett,* 964 F.2d 1029, 1042 (10th Cir.1992), *cert. denied,* —— U.S. ——, 113 S.Ct. 169, 121 L.Ed.2d 117 (1992).

Hilliard argues that *U.S. v. Seda,* 978 F.2d 779 (2d Cir.1992) supports his argument that the indictment is multiplicitous. In *Seda* the government charged a bank officer with both bank fraud, 18 U.S.C. § 1344, and making false statements to a bank, 18 U.S.C. § 1014, in connection with loan applications. *Id.* at 779–80. The *Seda* court, in electing not to apply a "rigid" *Blockburger* analysis, held that there was only one offense and required the government to elect between the charges. *Id.* at 780. Because I find the holding in *Seda* to be inconsistent with the *Blockburger* test, I elect not to follow it.

Hilliard further relies on *U.S. v. Lemons,* 941 F.2d 309 (5th Cir.1991) to support his argument that the indictment in this case is multiplicitous. Hilliard's reliance on *Lemons* is misplaced because *Lemons* and its progeny address the issue whether bank fraud charges are multiplicitous of one another. Here, the issue is whether a bank fraud charge is multiplicitous of other charges under 18 U.S.C. §§ 657, 1006, and 1957. Hilliard does not contend that count 16 is multiplicitous to count 1. *Lemons* is inapposite.

I conclude that counts 2–15 and 17–24 are not multiplicitous to counts 1 and 16. Accordingly, Hilliard's motion to dismiss the indictment or in the alternative to dismiss counts will be denied.

### C. Motion to Dismiss Count Twenty-five

Hilliard first contends that count 25 should be dismissed because it is derived from other counts in the indictment which he claims are multiplicitous. Because I have concluded that the counts in the indictment are not multiplicitous, this contention is without merit.

 Hilliard next contends that there are not sufficient facts set forth in the indictment to adequately apprise him of the nature of the acts upon which the forfeiture is based. Specifically, Hilliard argues that count 25

does not allege the specific nature of the "specified unlawful activity" from which the $215,774.38 is derived. To the contrary, a reading of the indictment in its entirety leaves no doubt that count 25 is derived from counts 12–15 and 21–24 which in turn delineate bank fraud as the specified unlawful activity. In any event, the government has disclosed in its response brief how the $215,774.38 was determined.

 Finally, Hilliard asserts that because the forfeiture property is jointly owned with his wife, the government is not entitled to any of it. Courts have held that "[i]f one is an innocent owner, no amount of *that* person's or entity's funds are forfeitable." *U.S. v. One Single Family Residence,* 933 F.2d 976, 981 (11th Cir.1991) (emphasis added); *accord U.S. v. Lot 9, Block 2 of Donnybrook Place,* 919 F.2d 994, 1000 (5th Cir. 1990). However, the property may still be forfeited to the extent of the wrongdoer's equity. *Id.* Thus, insofar as Hilliard owns an interest in the property located at Lot 56, BERKSHIRE, Leawood, Kansas, his share may be subject to forfeiture. Accordingly, Hilliard's motion to dismiss count 25 on grounds of multiplicity, vagueness, and unconstitutional shifting of the burden of proof will be denied.

### D. Motion for discovery

Hilliard has moved for discovery orders in several areas. The government acknowledges its continuing obligation to disclose information favorable to the defense pursuant to *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), and impeachment material pursuant to *Giglio v. U.S.,* 405 U.S. 150, 92 S.Ct. 763, 31 L.Ed.2d 104 (1972). The government also acknowledges its obligation to provide evidence governed by Rule 404(b) and 801(d)(2)(E). The government has already made available the material requested by Hilliard in enumerated requests 2(b)–(c), 4, 5, 6, and 8. At the hearing on April 7, 1993, counsel for Hilliard stated that it has no outstanding discovery requests. Accordingly, I will deny Hilliard's motion for discovery as moot.

Accordingly, it is ORDERED that:

1) defendant's motion to sever counts is DENIED;

2) defendant's motion to dismiss the indictment or in the alternative to dismiss counts 2–15 and counts 17–24 on the grounds of multiplicity and double jeopardy is DENIED;

3) defendant's motion to dismiss count 25 on grounds of multiplicity, vagueness and unconstitutional shifting of the burden of proof is DENIED;

4) defendant's motion for discovery is DENIED as moot.