**UNITED STATES of America, Appellant,**

v.

**David L. LILLER, a/k/a David Linzy Craig, Defendant–Appellee.**

**No. 1435, Docket 92–1733.**

United States Court of Appeals, Second Circuit.

Argued April 28, 1993.

Decided July 21, 1993.

Thomas E. Booth, Dept. of Justice, Washington, DC (Gary L. Sharpe, U.S. Atty., Ber-

nard J. Malone, Jr., Asst. U.S. Atty., Syracuse, NY, on the brief), for appellant.

Kathleen M. Resnick, Albany, NY, for defendant-appellee.

Before: NEWMAN, Chief Judge, MAHONEY, Circuit Judge, and EGINTON,* District Judge.

JON O. NEWMAN, Chief Judge:

This appeal represents our first consideration of the Double Jeopardy Clause since the Supreme Court overruled *Grady v. Corbin*, 495 U.S. 508, 110 S.Ct. 2084, 109 L.Ed.2d 548 (1990), in *United States v. Dixon*, — U.S. ——, 113 S.Ct. 2849, 125 L.Ed.2d 556 (1993) (No. 91–1231). Specifically, this case presents the issue whether the Government can prosecute a defendant for possession of a firearm by a felon after the same weapon has been the focus of the defendant's prosecution for knowing transportation of a stolen firearm in interstate commerce. The issue arises on an appeal by the Government from the November 9, 1992, order of the District Court for the Northern District of New York (Con. G. Cholakis, Judge) dismissing its indictment against David L. Liller because of double jeopardy. Though the appeal would have presented a close question under *Grady*, with the overruling of *Grady* the issue becomes quite simple, and we are obliged to reverse.

## Background

The Greenbelt, Maryland, Police Department notified the Guilderland, New York, Police Department that an arrest warrant had been issued for Liller, based on a complaint filed by Sylvia Pickeral, alleging that he had stolen her handgun. On December 23, 1991, William Ward, a Guilderland police officer, stopped the car Liller was driving and placed him under arrest. Liller directed Ward to the handgun in his trunk.

The Government originally charged Liller with, among other things, interstate transportation of a stolen firearm, in violation of 18 U.S.C. § 922(i) (1988). Liller did not

contest that he had transported the handgun, but he denied that it was stolen. The theory of his defense was that Pickeral, a long-time companion of Liller's father, had given Liller the gun for safekeeping because she was contemplating suicide. After a jury trial, Liller was acquitted on this charge.

During the trial, the Government received information that at some earlier time Liller had been convicted of a felony. The Government confirmed this fact after the acquittal on the gun transportation charge and charged Liller with two offenses based on the same weapon involved in the just completed trial: transportation of a firearm in interstate commerce by a felon and possession of a firearm by a felon, both in violation of 18 U.S.C. § 922(g)(1) (1988).

Judge Cholakis ruled that the Double Jeopardy Clause barred prosecution of both counts. Applying the first step of the analysis as outlined in *Grady*, he initially determined that the subsequent prosecution was not barred by the standards of *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932). Then, applying the second step of the *Grady* analysis, he found that "to prevail under either section 922(i) or section 922(g)(1), the Government has to prove that Liller possessed the handgun in interstate commerce. Because the conduct at issue in both prosecutions is identical, the Double Jeopardy Clause bars the subsequent prosecution of Mr. Liller." The Government appeals only from the dismissal of the count charging Liller with possession of a firearm by a felon. The Government contends that *Grady* does not bar the second prosecution. No claim is made that Liller's status as a felon could not have been discovered in the exercise of due diligence. *Cf. Brown v. Ohio*, 432 U.S. 161, 169 n. 7, 97 S.Ct. 2221, 2227 n. 7, 53 L.Ed.2d 187 (1977).

## Discussion

Prior to *Grady*, the Supreme Court had ruled in *Blockburger* that the test of whether offenses under two statutory provisions are

* The Honorable Warren W. Eginton of the United States District Court for the District of Connecticut, sitting by designation.

different for jeopardy purposes is whether "each provision requires proof of a fact which the other does not." *Blockburger*, 284 U.S. at 304, 52 S.Ct. at 182. In *Grady*, the Court significantly modified double jeopardy analysis in the context of successive prosecutions and added a second step to the traditional *Blockburger* test by adopting dicta from *Illinois v. Vitale*, 447 U.S. 410, 420, 100 S.Ct. 2260, 2267, 65 L.Ed.2d 228 (1980). Under *Grady* "the Double Jeopardy Clause bars any subsequent prosecution in which the government, to establish an essential element of an offense charged in that prosecution, will prove conduct that constitutes an offense for which the defendant has already been prosecuted." *Grady*, 495 U.S. at 521, 110 S.Ct. at 2093 (footnote omitted).

The Court limited *Grady* two years later in *United States v. Felix*, —— U.S. ——, 112 S.Ct. 1377, 118 L.Ed.2d 25 (1992), where the Court instructed us not to read the *Grady* language "literally." Then last month the Court overruled *Grady* in *Dixon*, —— U.S. at ——, 113 S.Ct. at 2859–61 and returned double jeopardy jurisprudence to its pre-*Grady* dimensions.

While the District Court's application of *Grady* to the facts of the pending case would present several interesting questions, the analysis after *Dixon* is straightforward. Normally we would apply *Blockburger* by examining the facts required to be proved for conviction under the provisions supporting Liller's prior and pending charges. However, in certain circumstances, including where one of the statutes covers a broad range of conduct, it is appropriate under *Blockburger* to examine the allegations of the indictment rather than only the terms of the statutes. *See United States v. Seda*, 978 F.2d 779, 781–82 (2d Cir.1992). Similarly, in *Dixon*, at least four Justices, *see* —— U.S. at ——, 113 S.Ct. at 2855–61 (Scalia, J., joined by Kennedy, J.); *id.* at —— – ——, 113 S.Ct. at 2873–74 (White, J., joined by Stevens, J.), and perhaps five, *see id.* at ——, 113 S.Ct. at 2890–91 (Souter, J., joined by Stevens, J.), examined the content of the particular Court order violated by the defendants rather than the more general statutory elements of the criminal contempt provision under which

they were charged. *But see id.* at —— – ——, 113 S.Ct. at 2865–69 (Rehnquist, C.J., joined by O'Connor, J., and Thomas, J.).

In this case, whether we examine only the statutes or broaden the inquiry to include the facts alleged in the indictments, Liller's offenses are separate. Only the new charge under section 922(g)(1) requires proof that the possessor is a felon, and only the old charge under section 922(i) requires proof that the firearm was stolen and was transported interstate. Thus, each charge requires proof of a fact not required for the other. Therefore, the Double Jeopardy Clause does not bar the Government from prosecuting Liller for possession of a firearm by a felon despite his prior prosecution for transporting the same weapon in interstate commerce knowing it was stolen.

The judgment of the District Court is reversed.