David L. LILLER, a/k/a David Linzy Craig, Petitioner,

v.

UNITED STATES of America, Respondent.

No. 92–CR–314.

United States District Court, N.D. New York.

July 25, 1995.

tion, the officers found the missing handgun, ammunition, a short-barreled shotgun and handwritten directions to an armored car company in the trunk of petitioner's car.

At his trial, petitioner claimed that he took the handgun from Mrs. Sylvia Pickerel, while visiting her home in Maryland, in order to prevent her from committing suicide. There was also testimony that the shotgun was placed in his car while he was helping a friend move into a new residence. The jury acquitted petitioner of charges of transporting a stolen handgun in interstate commerce in violation of 18 U.S.C. § 922(i), and possessing a short-barreled shotgun in violation of 26 U.S.C. § 5861(c) and (d).

On August 7, 1992, a new indictment was returned charging petitioner with transportation and possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g). The prosecution contended that since petitioner has used numerous aliases, it did not learn that petitioner was a felon until the middle of his previous trial. Petitioner then moved for dismissal on double jeopardy grounds. Pursuant to this motion, District Judge Cholakis dismissed the indictment. On the government's appeal, however, the Second Circuit reversed Judge Cholakis' dismissal in light of a recent U.S. Supreme Court decision regarding double jeopardy. *United States v. Liller*, 999 F.2d 61 (2d Cir.1993) (citing *United States v. Dixon*, —— U.S. ——, 113 S.Ct. 2849, 125 L.Ed.2d 556 (1993)). Petitioner, while preserving his own right to appeal on the issue of prosecutorial vindictiveness, ultimately pled guilty to transportation and possession of a firearm by a felon, and was sentenced on March 2, 1994 to 33 months in prison. At sentencing, petitioner moved for a downward departure claiming that his actions were taken in order to prevent a greater harm, namely, Sylvia Pickerel's possible suicide. That motion was denied in part and granted in part. The judge granted downward departure only as to petitioner's criminal history category. Petitioner then appealed his conviction alleging prosecutorial vindictiveness. The Second Circuit dismissed this appeal on the merits of his claim.

Petitioner now brings a 28 U.S.C. § 2255 motion asking the court to consider granting

Thomas J. Maroney, U.S. Atty., N.D. of N.Y., Albany, NY, Bernard J. Malone, Jr., Asst. U.S. Atty., of counsel, for U.S.

David L. Liller, Fort Dix, NJ, petitioner, pro se.

## MEMORANDUM, DECISION AND ORDER

McAVOY, Chief Judge.

Petitioner David L. Liller petitions this court to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. For the reasons set forth in this Memorandum, Decision and Order, petitioner's motion is denied.

### I. Background

On December 23, 1991 petitioner was driving in Guilderland, New York, when local authorities pulled him over and placed him under arrest based on an outstanding arrest warrant for a stolen handgun. Upon inspec-

him further downward departure in his sentence pursuant to U.S.S.G. § 5K2.11—Lesser Harms (Policy Statement).[1] Petitioner argues that his acquittal on the charge of stealing a firearm stands as res judicata to the charge of possession of a firearm by a felon. Similarly, petitioner contends that the downward departure he sought at sentencing should have been granted since the validity of his necessity defense (committing a crime in order to prevent greater harm) had already been litigated and decided.

## II. Discussion

Regardless of any possible merit to petitioner's claim, his motion must be dismissed. The U.S. Supreme Court has stated:

> "Once the defendant's chance to appeal has been waived or exhausted, ... we are entitled to presume he stands fairly and finally convicted, especially when, as here, he already has had a fair opportunity to present his federal claims to a federal forum. Our trial and appellate procedures are not so unreliable that we may not afford their completed operation any binding effect beyond the next in a series of endless post-conviction collateral attacks. To the contrary, a final judgement commands respect. For this reason, we have long held that collateral challenge may not do service for an appeal."

*United States v. Frady,* 456 U.S. 152, 164–65, 102 S.Ct. 1584, 1592–93, 71 L.Ed.2d 816 (1982). As such, on a 28 U.S.C. § 2255 motion, a defendant is barred from raising collateral attack claims which were not raised on direct appeal unless he is able to show "cause" for his failure to raise such claims on direct appeal and "prejudice" stemming therefrom. *Id.* at 167–68, 102 S.Ct. at 1594–95; *see Campino v. United States,* 968 F.2d 187, 190 (2d Cir.1992) (holding that a federal prisoner's failure to raise a constitutional claim on direct appeal is itself a default of normal appellate procedure, which defendant

can overcome only by showing cause and prejudice).

In the present case, petitioner has failed to give this court any explanation as to why he did not raise this claim on direct appeal. Moreover, as the claim petitioner brings today is essentially the same defense that he proffered at his initial trial back in 1992, petitioner was certainly aware of its existence when he filed his notice of appeal in March, 1994. Furthermore, petitioner has failed to show any prejudice that he has suffered as a result. For these reasons, this court finds that petitioner is procedurally barred from bringing this claim on collateral attack.

## III. Conclusion

As petitioner's claim is in procedural default, his motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 is denied.

**IT IS SO ORDERED.**

---

1. U.S.S.G. § 5K2.11 states in part, "[s]ometimes, a defendant may commit a crime in order to avoid a perceived greater harm. In such instances, a reduced sentence may be appropriate, provided that the circumstances significantly diminish society's interest in punishing the conduct, for example in the case of a mercy killing. Where the interest in punishment or deterrence is not reduced, a reduction in sentence is not warranted."