**UNITED STATES of America, Appellee,**

v.

**Larry SESSA, Defendant,**

**Gregory Scarpa, Jr., Defendant–Appellant.**

**No. 1363, Docket 96-1631.**

United States Court of Appeals,
Second Circuit.

Argued Jan. 14, 1997.

Decided Sept. 9, 1997.

Jane Simkin Smith, New York City (Larry J. Silverman, of counsel), for Defendant–Appellant.

Ellen M. Corcella, Assistant United States Attorney, Brooklyn, NY (Zachary W. Carter, United States Attorney, Eastern District of New York, Brooklyn, NY, David C. James, Sung–Hee Suh, Assistant United States Attorneys, of counsel), for Appellee.

Before: VAN GRAAFEILAND and LEVAL, Circuit Judges, and SQUATRITO, District Judge.[1]

LEVAL, Circuit Judge:

Defendant Gregory Scarpa, Jr., appeals from an order of the United States District Court for the Eastern District of New York (Reena Raggi, *Judge*), denying his motion seeking, on double jeopardy grounds, to dismiss a charge of conspiracy to violate the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961 *et seq.*

In a prior proceeding in 1989, Scarpa was convicted of conducting and participating in the conduct of a racketeering enterprise in violation of RICO, 18 U.S.C. § 1962(c) ("substantive RICO"). While Scarpa was serving the twenty-year term of imprisonment imposed for that conviction, the government filed this indictment charging him, in part, with conspiring, in violation of 18 U.S.C. § 1962(d), to conduct and participate in the conduct of a RICO enterprise ("RICO conspiracy"). Before trial, Scarpa moved to dismiss the count charging him with RICO conspiracy, arguing that it was barred under the Double Jeopardy Clause by his earlier conviction for what he contends was the same offense.

Judge Raggi denied this motion, holding that (1) substantive RICO and RICO conspiracy are not the "same offense" under the Double Jeopardy Clause and (2) the conspiracy charge against Scarpa involves a differ-

---

1. The Honorable Dominic J. Squatrito, United States District Judge for the District of Connecti- cut, sitting by designation.

ent pattern of racketeering activity from the pattern proved in his prior conviction. On appeal, Scarpa argues that his conviction for substantive violation of RICO necessarily included a finding that he conspired to violate RICO and that the Double Jeopardy Clause therefore prohibits a second prosecution for RICO conspiracy.

Because a violation of the substantive RICO statute and a conspiracy to violate that statute are not the same offense, the Double Jeopardy Clause does not bar the present charges against Scarpa. We therefore affirm the order of the district court.

### Background

On January 27, 1988, the government filed an indictment (the "1988 indictment") charging Scarpa and eight co-defendants with various violations of the federal criminal laws. Count One charged him with conducting a racketeering enterprise in violation of RICO. The indictment did not charge him or any of the other defendants with conspiracy to violate the RICO statute.

The RICO count alleged as follows: Scarpa led an enterprise known as the "Scarpa Crew," whose goal was "to raise money through the trafficking of narcotics and other controlled substances, and extortion." The Scarpa Crew "reported to the Colombo Organized Crime Family." In parts of the Bensonhurst section of Brooklyn, the Scarpa Crew used actual and threatened violence to force drug dealers to pay them a "tax." The Scarpa Crew also ran marijuana concessions on Staten Island. The business involved other criminal activities, including murder, assaults, and bribery of police officers. The Crew was a RICO enterprise and engaged in interstate commerce by selling marijuana and cocaine brought into New York State from elsewhere. The pattern of racketeering activities charged in Count One included the following acts specifically alleged against Scarpa: the killing of Albert Nacha in December 1985; conspiracy to distribute marijuana between July 1985 and February 1986; conspiracy to affect commerce by extortion between September 1985 and April 1986; conspiracy to extort property from Eric Leon between February 20 and April 23, 1986;

Count One also alleged other acts of racketeering committed by Scarpa's co-defendants.

On February 27, 1989, following a jury trial, Scarpa was convicted of the substantive RICO offense, as well as other charges alleged in the 1988 indictment. The district court sentenced him to a twenty-year term of imprisonment on the RICO count. *United States v. Scarpa,* 897 F.2d 63, 64 (2d Cir.), *cert. denied,* 498 U.S. 816, 111 S.Ct. 57, 112 L.Ed.2d 32 (1990). This court affirmed his conviction. 897 F.2d at 65.

A new indictment was filed against Scarpa in June 1995, and superseded twice, most recently on May 1, 1996 (the "1996 indictment"). Count One of the 1996 indictment charges Scarpa and others with conspiring from January 1980 through May 1996 to conduct a racketeering enterprise, in violation of 18 U.S.C. § 1962(d).

Count One alleges that during the relevant time Scarpa was the leader of the Scarpa Crew, a RICO enterprise that operated in the Eastern District of New York and engaged in narcotics trafficking, extortionate extensions and collections of credit, gambling, and other criminal activities. The Scarpa Crew reported to and shared its proceeds with the Colombo Organized Crime Family, of which Scarpa was a member and, as of approximately 1986, an acting "captain." The Scarpa Crew's "principal purpose" was to generate money for its members through drug trafficking, loansharking, and gambling. Members of the Crew employed threatened and actual violence, including murder, to further their criminal activities. Members also attempted to avoid detection and prosecution by murdering persons who might testify against the Scarpa Crew or the Colombo Family.

The charge asserts that Scarpa and others conspired to violate 18 U.S.C. § 1962(c) and agreed to commit at least two of the various acts of racketeering set forth in that charge. These included (1) the murders of Dominick Somma in August 1980, Robert DiLeonardi in July 1981, Alfred Longobardi in July 1982, Sal Cardaci in January 1983, Albie Variale in July 1983, Mary Bari in September 1984, Anthony Frezza in October 1985, Michael

Yodice and Jose Lopez in December 1986, and Ray Shapiro and Joseph DeDomenico in September 1987, (2) conspiracy to distribute cocaine between January 28, 1988 and May 1996; (3) conspiracy to make extortionate extensions of credit between 1980 and May 1996; and (4) the operation of an illegal gambling business between 1980 and May 1996.

Claiming double jeopardy, Scarpa moved to dismiss this count of the 1996 indictment. The district court denied his motion, holding that substantive RICO and RICO conspiracy are not the "same offense" for double jeopardy purposes. The court cited on *United States v. Benevento*, 836 F.2d 60, 73 (2d Cir.1987), *cert. denied*, 486 U.S. 1043, 108 S.Ct. 2035, 100 L.Ed.2d 620 (1988), and noted that substantive RICO and RICO conspiracy each require proof of an element not required by the other. The district court noted as an alternative ground that the 1996 indictment concerns a different pattern of racketeering acts than that involved in the 1988 indictment.

### Discussion

On appeal, Scarpa argues that (1) "in this case," substantive RICO and RICO conspiracy are the "same offense" and (2) the pattern of racketeering underlying his earlier conviction is identical to the pattern alleged in the 1996 indictment. He, therefore, claims that Count One of the 1996 indictment amounts to an impermissible second prosecution for the same offense.

■ The Double Jeopardy Clause bars successive prosecutions or punishments for the "same offense." *United States v. Ursery*, —— U.S. ——, ——, 116 S.Ct. 2135, 2139–40, 135 L.Ed.2d 549 (1996). To determine whether two crimes constitute the "same offense" under the Double Jeopardy Clause, we apply the "same elements" test set forth in *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932). *See United States v. Dixon*, 509 U.S. 688, 696, 113 S.Ct. 2849, 2856, 125 L.Ed.2d 556 (1993). Under this test, each offense must contain an element not contained in the other; "if not, they are the 'same offence' and double jeopardy bars additional punishment and succes-

sive prosecution." *Id.* (discussing *Blockburger*).

■ The Supreme Court has announced an "established doctrine that a conspiracy to commit a crime is a separate offense from the crime itself." *United States v. Felix*, 503 U.S. 378, 391, 112 S.Ct. 1377, 1385, 118 L.Ed.2d 25 (1992); *United States v. McGowan*, 58 F.3d 8, 13 (2d Cir.1995) (applying *Felix*). We have repeatedly ruled that RICO conspiracy and substantive RICO are not the same offense. *See, e.g., United States v. Coonan*, 938 F.2d 1553, 1566 (2d Cir.1991), *cert. denied*, 503 U.S. 941, 112 S.Ct. 1486, 117 L.Ed.2d 628 (1992); *Benevento*, 836 F.2d at 72–73.

■ A conspiracy to commit a crime and the substantive crime itself are different offenses because each requires an element that the other does not. *See Blockburger*, 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306. There are "significant distinctions" between the proof necessary to show that a defendant conspired to violate RICO and the evidence required to prove an actual violation of that statute. *Benevento*, 836 F.2d at 73. As we stated in *Benevento*:

> To establish the existence of a RICO conspiracy, the government was required to prove only the existence of an agreement to violate RICO's substantive provisions. Thus, the government necessarily had to establish that [the defendant] agreed with his criminal associates to form the RICO enterprise ..., agreed to associate himself with that enterprise and agreed to commit two predicate acts in furtherance of a pattern of racketeering activity in connection with the enterprise. In contrast, [his] conviction on the substantive RICO count required proof, not of an agreement to violate the substantive RICO sections, but actual proof that [he] associated himself with the enterprise and committed at least two predicate acts in connection with the conduct of the enterprise.

*Id.* The foregoing passage illustrates that substantive RICO and RICO conspiracy "each ... contain[ ] an element not contained in the other." *Dixon*, 509 U.S. at 696, 113 S.Ct. at 2855. Because the two offenses

satisfy *Blockburger*'s "same elements" test, there is no apparent reason to depart from the ordinary rule that separate prosecutions for conspiracy to commit a crime and for the commission of the crime itself do not violate the Double Jeopardy Clause.

Recognizing that this court has long held that substantive RICO and RICO conspiracy are not the "same offense" under *Blockburger*, Scarpa argues that, because RICO "covers a broad range of conduct," the court should look beyond the statutory elements of the two offenses and compare the specific allegations in the two indictments. He maintains that, because the 1988 indictment alleged that he was the leader of the RICO enterprise and because its predicate acts were themselves conspiracies, he "could not have violated the substantive RICO statute without also violating the RICO conspiracy statute."

Beginning with this premise, Scarpa advances two principal arguments, one concerning the power of Congress, and the second concerning its intent. First, he contends that the Double Jeopardy Clause bars the pending prosecution for RICO conspiracy because that charge requires proof of facts that were proved at his first trial. But *Dixon* makes clear that although the Double Jeopardy Clause prohibits successive prosecutions for the same *offense* (as defined in *Blockburger*), it does not bar a second prosecution based on *conduct* proved at the first trial. Without invoking *Grady v. Corbin*, 495 U.S. 508, 110 S.Ct. 2084, 109 L.Ed.2d 548 (1990), Scarpa effectively seeks to have his double jeopardy claim judged according to *Grady's* repudiated rule. Under *Grady*, a second prosecution violated the Double Jeopardy Clause if "to establish an essential element of an offense charged in that prosecution, the government [had to] prove conduct that constituted an offense for which the defendant ha[d] already been prosecuted." *Id.* at 510, 110 S.Ct. at 2087. Under this rule, prosecution for RICO conspiracy after a conviction for substantive RICO might, on the facts of this case, have implicated double jeopardy concerns. But *Dixon* explicitly overruled *Grady* and made clear that the "sameness" of two offenses is to be judged solely under the *Blockburger* test. *See Dixon*, 509 U.S. at

710, 113 S.Ct. at 2864. As the Supreme Court made clear in *Felix*, its "precedents hold that a mere overlap in proof between two prosecutions does not establish a double jeopardy violation." *Felix*, 503 U.S. at 386, 112 S.Ct. at 1382.

Scarpa nevertheless argues that *United States v. Seda*, 978 F.2d 779, 781–82 (2d Cir.1992), requires that we depart from strict adherence to the *Blockburger* standard and examine whether prosecutions on apparently different charges are effectively prosecuting the same criminal conduct. We reject this contention. In the first place, *Seda* did not involve successive prosecutions under the Double Jeopardy Clause. The defendant in that case claimed that a single indictment was "multiplicitous." An indictment is multiplicitous when it "charges a single offense in more than one count." *Seda*, 978 F.2d at 780 (quoting *United States v. Maldonado–Rivera*, 922 F.2d 934, 969 (2d Cir.1990), *cert denied*, 501 U.S. 1211, 111 S.Ct. 2811, 115 L.Ed.2d 984 (1991)). That challenge raised the question whether "Congress *intended* to authorize multiple punishments" for the crimes alleged in separate counts. *Seda*, 978 F.2d at 780 (emphasis added). Although analysis of the problem began with the *Blockburger* test, we were not considering the power of Congress and the court under the Double Jeopardy Clause but rather the intent of Congress.

Moreover, to the extent that *Seda* can be read as reflecting on the successive prosecution strand of double jeopardy jurisprudence, it was decided in the penumbra of *Grady*, before the Supreme Court in *Dixon* repudiated *Grady* and reasserted *Blockburger* as the exclusive test. Therefore, even if *Seda* had involved a claim of successive prosecutions barred by the Double Jeopardy Clause, its authority on that issue would be significantly undermined after *Dixon*.

We recognize that in a post-*Dixon* opinion, *United States v. Liller*, 999 F.2d 61, 63 (2d Cir.1993), a panel of this court speculated that it might remain appropriate, in the particular circumstances raised in *Seda*, for a court applying the *Blockburger* test, to examine the allegations of the indictments as well

as the elements of the statutes even in the context of successive prosecutions. But our appeal does not involve the circumstances presented by *Seda.* In *Seda,* we held it appropriate to look beyond the text of the statutes to the allegations of the indictment "in some cases where one of the statutes covers a broad range of conduct" and the other statute is "more focused." *Seda,* 978 F.2d at 781. *Liller,* however, involved a different problem of successive prosecutions under two narrow statutes, each involving an element completely extraneous to the other (under 18 U.S.C. § 922(i), the fact that a firearm was stolen, and under 18 U.S.C. § 922(g)(1), the fact of the defendant's prior felony conviction), but also involving an element (possession of a firearm) potentially satisfied by the same evidence in both cases.

Although *Liller* did not present the *Seda* problem, which arises when one indictment charges specific criminal conduct and the other alleges more general conduct satisfied in the particular case by the very conduct charged in the first, and although *Seda,* as noted above, did·not involve the problem of successive prosecutions, the *Liller* panel nevertheless speculated that the *Seda* approach might remain viable and applicable to successive prosecutions. Because this suggestion was dictum in *Liller,* and because it is irrelevant to our case (which concerns successive prosecutions for the violation of a single broad statute and a conspiracy to violate it), Scarpa's reliance on *Liller* is misplaced.

▇ Although Scarpa acknowledges that Congress enacted separate sections prohibiting violations of RICO's substantive provisions and conspiracies to violate those provisions, he nevertheless contends that Congress did not "intend to impose a separate sanction for RICO conspiracy when the predicate acts are themselves conspiracies." Scarpa further acknowledges that we expressly rejected a similar argument in *Benevento,* but maintains that, because the substantive RICO count in the 1988 indictment alleged that he was the leader of the RICO enterprise and that the predicate acts were. conspiracies, the imposition of a second sentence for RICO conspiracy would exceed the maximum punishment au-

thorized by Congress. Whatever the merits of this argument, we do not think that it is properly before us at this time. Scarpa has not yet been prosecuted, much less convicted or sentenced, for the RICO conspiracy charge. The question whether punishment following a conviction on the conspiracy count would exceed the maximum authorized by Congress is better left until after the actual imposition of any such punishment.

We have long held that substantive RICO and RICO conspiracy are separate offenses. *See Coonan,* 938 F.2d at 1566. Because the Double Jeopardy Clause neither forbids successive prosecutions for different offenses nor requires the government to join all possible charges arising from a course of conduct in a single indictment, we find that Scarpa's 1989 conviction for substantive. RICO does not require dismissal of Count One of the 1996 indictment. We therefore affirm the district court's denial of Scarpa's motion to dismiss the RICO conspiracy charge.

Because our affirmance rests on this ground, we need not review Judge Raggi's alternative holding that even if substantive RICO and RICO conspiracy can be the "same offense," double jeopardy does not bar the 1996 conspiracy count because it derives from a separate pattern of racketeering activity. For the same reason, we also need not address Scarpa's request, made in a letter submitted after oral argument, that we remand the case to the district court to clarify, through a bill of particulars, the scope of the pattern of racketeering activity alleged in the 1996 indictment. Nor do we consider Scarpa's other suggestion, made for the first time in the same letter, that Count One of the 1996 indictment may allege more than one pattern of racketeering activity and therefore charge him with more than one crime.

### Conclusion

For the foregoing reasons, we affirm the district court's denial of Scarpa's motion to dismiss Count One of the 1996 indictment.