*Jordan v. Pierre*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 31st day of October, two thousand twenty-two.

Present:
> DEBRA ANN LIVINGSTON,
> *Chief Judge*,
> WILLIAM J. NARDINI,
> STEVEN J. MENASHI,
> *Circuit Judges.*

_____

VICTOR JORDAN,

*Plaintiff-Counter-Defendant-Appellant*,

v.                                                              21-1938

GARY TILZER,

*Defendant-Counter-Claimant-Appellee*,

JOSUE PIERRE, RODNEYSE BICHOTTE, CHIDI EZE, NEW YORK CITY BOARD OF ELECTIONS, JOSE MIGUEL ARAUJO, JOHN FLATEU, MARIA R. GUASTELLA, MICHAEL MICHEL, ALAN SCHULKIN, SIMON SCHAMOUN, ROBERT SIANO, FREDERIC M. UMANE, COMMISSIONERS, NEW YORK CITY BOARD OF ELECTION, SALVATORE BARRERA, KINGS COUNTY DEMOCRATIC COUNTY COMMITTEE, EXECUTIVE COMMITTEE OF THE KINGS COUNTY DEMOCRATIC COUNTY COMMITTEE, DEMETRIA JULIEN, MICHAEL

DAVIDSON, SHIRLEY CHISHOLM DEMOCRATIC CLUB, CLARENCE ROBERTSON, MABLE ROBERTSON, EMMANUEL VAMBRAN, LISA L. DERRICK,

*Defendants-Appellees.*

_____

For Appellant:            VICTOR JORDAN, *pro se*, Brooklyn, NY.

For Appellees Pierre, Bichotte,
Kings County Democratic County,
Committee and Executive Committee    ANTHONY GENOVESI, Abrams Fensterman LLP,
of the Kings County Democratic       Brooklyn, NY.
County Committee:

For Board of Elections Appellees:    JANET L. ZALEON (Susan Paulson, *on the brief*), Assistant Corporation Counsel *for* Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, New York City Law Department, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Koeltl, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Victor Jordan ("Jordan"), proceeding *pro se*, challenges the district court's dismissal of his Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961–1968, RICO conspiracy, and 42 U.S.C. § 1983 claims pursuant to Fed. R. Civ. P. 12(b)(6) and (c), as well as its subsequent denial of his Fed. R. Civ. P. 59(e) motion for reconsideration.[1]  Jordan alleges in his amended complaint that the defendants conspired to manipulate the outcome of a

---

[1] The operative pleading on appeal is Jordan's amended complaint.  Dist. Ct. Dkt. No. 14 ("AC"). During the proceedings below, Jordan attempted to file a second amended complaint, but the district court struck this filing for Jordan's failure to adhere to a prior scheduling order.  Jordan did not seek to again amend his pleadings following the dismissal of the amended complaint, despite receiving an opportunity to do so.

New York State Assembly primary election, thereby delegitimizing his candidacy and defrauding primary voters. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

This Court reviews *de novo* a district court's decision to grant a motion to dismiss under Rule 12(b)(6) and a motion for judgment on the pleadings under Rule 12(c). *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 78 (2d Cir. 2015). A plaintiff's complaint "must contain sufficient factual matter, accepted as true, 'to state a claim that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

The district court correctly determined that Jordan did not plead a plausible RICO claim. A civil RICO plaintiff must plead, among other things, a violation of 18 U.S.C. § 1962, which requires, as relevant here, a pattern of acts that qualify as RICO predicates under § 1961(1). *See Williams v. Affinion Grp., LLC*, 889 F.3d 116, 123–24 (2d Cir. 2018). As RICO predicates, Jordan alleges mail fraud, wire fraud, and violations of six different New York Election Laws. To begin, only the alleged violations of the mail and wire fraud statutes, 18 U.S.C. §§ 1341, 1343, are enumerated in § 1961(1). These mail and wire fraud claims are subject to the heightened pleading standard of Fed. R. Civ. P. 9(b) and, therefore, must be pleaded with particularity, even as RICO predicates. *See Williams*, 889 F.3d at 124. We agree with the district court that Jordan has failed to show how the communications described in the amended complaint were fraudulent or furthered the alleged fraudulent scheme. As such, Jordan has failed to adequately plead mail and wire fraud as predicates to his RICO claim. Similarly, Jordan's alleged New York Election Law violations are neither "chargeable under State law" as "bribery" or "extortion" under § 1961(1)(A), nor "indictable" under the enumerated list of federal offenses contained in § 1961(1)(B).

The district court also correctly determined that Jordan failed to plead the existence of an enterprise with sufficient particularity to establish a RICO claim. An association-in-fact enterprise "'is proved by evidence of an ongoing organization, formal or informal, and by evidence that the various associates function as a continuing unit.'" *Boyle v. United States*, 556 U.S. 938, 945 (2009) (quoting *United States v. Turkette*, 452 U.S. 576, 583 (1981)). Jordan seeks to support the existence of an association-in-fact enterprise by pointing to the defendants' shared purpose of stealing the primary election. But these allegations impermissibly conflate the alleged RICO enterprise with the alleged pattern of racketeering activity. *See Turkette*, 452 U.S. at 583 ("The 'enterprise' is not the 'pattern of racketeering activity'; it is an entity separate and apart from the pattern of activity in which it engages."). The remainder of Jordan's allegations that defendants "joined in purpose of conspiring to commit honest election fraud," AC ¶ 61, and that they "were organized in a consensual decision-making manner," *id.* at ¶ 62, are too conclusory to plausibly allege the existence of an association-in-fact enterprise. *See Williams*, 889 F.3d at 126; *Cruz v. FXDirectDealer, LLC,* 720 F.3d 115, 120–21 (2d Cir. 2013).

Jordan has also failed to state a claim for RICO conspiracy. To plead a RICO conspiracy, a plaintiff must allege "the existence of an agreement to violate RICO's substantive provisions." *United States v. Sessa*, 125 F.3d 68, 71 (2d Cir. 1997) (citation omitted). Nowhere in the amended complaint, or in his oppositions to the defendants' Rule 12 motions before the district court, does Jordan allege any specific acts that, if carried out, would constitute the necessary agreement to violate RICO's substantive provisions. *See Cofacredit S.A. v. Windsor Plumbing Supply Co.*, 187 F.3d 229, 244 (2d Cir. 1999); *see also Williams*, 889 F.3d at 126 (rejecting RICO conspiracy where "[t]he alleged conspiracy involved an agreement to commit the same substantive RICO violations we have deemed insufficiently pled").

4

Turning next to Jordan's § 1983 claims, we agree with the district court that Jordan failed to adequately allege that New York Election Law §§ 3-226(3) and 3-404 are unconstitutional, either facially or as applied to him, or that the defendants retaliated against him in violation of the First Amendment. Regarding his retaliation claim, Jordan did not plead facts connecting any conduct protected by the First Amendment to the alleged retaliation. *See Smith v. Campbell*, 782 F.3d 93, 100 (2d Cir. 2015).[2]

Finally, the district court did not abuse its discretion by denying Jordan's Rule 59(e) motion. *See Padilla v. Maersk Line, Ltd.*, 721 F.3d 77, 83 (2d Cir. 2013). Jordan's motion for reconsideration largely restated his previously unsuccessful arguments, which do not constitute grounds for relief under Rule 59. To the extent Jordan sought to correct defects in his pleadings, the district court permitted him time to further amend his complaint, which he declined to do. Moreover, the record does not support Jordan's contention that he was deprived of the opportunity to defend his case due to improper service of documents. To the contrary, Jordan does not deny receiving the defendants' moving papers prior to filing his opposition to their Rule 12 motions. Even after the district court dismissed his amended complaint, Jordan sought and received an extension of time to amend his pleadings, which opportunity he forewent in lieu of this appeal.

\* \* \*

---

[2] The district court dismissed certain § 1983 claims as abandoned, because Jordan did not address them in his opposition to the defendants' Rule 12 motions. While Jordan also does not directly address them in his briefing on this appeal, we nevertheless reviewed them and conclude that they suffer from the same pleading defects as his other § 1983 claims. They would have been properly dismissed even assuming *arguendo* they were not abandoned.

5

We have considered Jordan's remaining arguments and find them to be without merit.

Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court